**UNITED STATES of America, Plaintiff,**

**v.**

**Kenneth Richard BRYSON, aka Ken Richard Bryson, Defendant.**

**No. CR–75–70.**

United States District Court, W. D. Oklahoma.

June 27, 1977.

William R. Burkett, U. S. Atty. by John E. Green and O. B. Johnston, III, Asst. U. S. Attys., Oklahoma City, Okl., for plaintiff.

Don E. Hamilton, Phillip E. Lambert, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the "Motion for a New Trial and a Complaint for Obstruction of Justice" filed herein by the defendant. The defendant seeks a new trial on the ground that a defense witness, Kathy Ballard, was not available prior to trial, and that her testimony would prove "beyond doubt the incoese [sic] of the said defendant/Kenneth Richard Bryson." In support thereof he attaches the Affidavit of Kathy Ballard in which she states that she was acquainted with the defendant, Leslie Jeffreys and Joe Huff, who testified for the government, and various other ⸳persons whose names were mentioned during the trial. She further states that Jeffreys was having an affair with Pierre Taron, Jr., and took a four-day trip to Washington, D. C. with him in June, 1974 under an assumed name. The affiant admits that she had been having an affair with the defendant and that she sought to avoid appearing at the trial after Jeffreys told her this would come out if she testified.

As pointed out in *United States v. Maestas,* 523 F.2d 316, 320 (C.A.10 1975):

"A Motion for a new trial is generally not regarded with favor and is granted only with great caution.

.    .    .    ⸳    .

Before a new trial for newly discovered evidence should be granted, the defendant has the burden to show that the evidence was discovered since trial; facts from which the court may infer reasonable diligence on the part of the movant; and that the evidence is not merely cumulative or impeaching but is material and of such a character that on a new trial such evidence would probably produce a different result."

Accord, *United States v. Rachal,* 473 F.2d 1338 (C.A.5 1973); *United States v. Littlepage,* 465 F.2d 63 (C.A.5 1972).

■ Tested by these criteria it is readily apparent that the defendant has made no showing in his Motion which would entitle him to a new trial. The evidence is not really newly discovered but rather testimony defendant claims was not available until after the trial because the witness could not be found. His claim of diligence is seriously undermined by the failure of the defense to have a subpoena issued for the witness or to request a continuance on the basis of her unavailability.

It is also plain that the testimony is not really material. The crime charged occurred on March 11, 1975. Assuming the

988

truth of all matters contained in the Affidavit, none bear upon any issue in this case. There is nothing to indicate affiant had any knowledge of the events which occurred on March 11, 1975. Most favorably construed to the defendant, the matters stated in the Affidavit would be only impeaching and cumulative.

Finally it is certain that the evidence is not of such a character that it would probably produce an acquittal in the event of a new trial. The defendant took the stand. He generally admitted the operative facts upon which the government built its case and attempted to explain away the force of the government's proof. The allegedly missing witness was not privy to any of the crucial events. The defendant sought to create an image of a righteous father and family man and it is difficult to see how this image would be enhanced or his story rendered any more believable by the testimony of a woman with children who had engaged in an adulterous affair with the defendant.

The defendant's request for a criminal complaint must likewise be rejected. Rule 3, Federal Rules of Criminal Procedure requires that a complaint shall be made upon oath before a magistrate. There is no compliance with the Rule, but, in any event, the court would not accept for filing a complaint which had not been authorized by the United States Attorney.

Federal courts have no jurisdiction of cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney. Confiscation Cases 74 U.S. 454, 7 Wall 454, 19 L.Ed. 196 (1869). United States v. Stone, 8 F. 232 (C.C.Tenn.1881). See also Home News Publishing Co. v. United States, 329 F.2d 191 (C.A.5 1964); United States v. Denton, 307 F.2d 336 (C.A.6 1962). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (C.A.2 1973); Powell v. Katzenbach, 123 U.S.App.D.C.

250, 359 F.2d 234 (1965), cert. denied, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d 359; Moses v. Kennedy, 219 F.Supp. 762 (D.D.C. 1963), affmd. 342 F.2d 931 (1965); United States v. Cox, 342 F.2d 167 (C.A.5 1965), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700; Smith v. United States, 375 F.2d 243 (C.A.5 1967); Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y.1961). Private citizens, therefore, have no right to institute criminal prosecutions in federal court.

Accordingly, the "Motion for New Trial and a Complaint for Obstruction of Justice" is denied.

IT IS SO ORDERED.