Frizell W. SELDON, Plaintiff,

v.

Norman GOODMAN, County Clerk and Clerk of the Supreme Court and Joseph J. Christian, Chairman of the New York City Housing Authority, Defendants.

No. 79 Civ. 2870 (JMC).

United States District Court, S. D. New York.

Feb. 6, 1980.

Biaggi & Ehrlich, New York City by Bernard G. Ehrlich, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of State of New York by Myron Paul Schamis, Asst. Atty. Gen., New York City, for defendant Goodman.

Donald Schatz, Gen. Counsel to New York City Housing Authority, New York City, by Godfrey R. DeCastro, New York City, for defendant Christian.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

On the motion of defendant Goodman, for summary judgment, and on the motion of defendant Christian, to dismiss the complaint, the Court dismisses the complaint against both defendants for want of a substantial federal question. Fed.R.Civ.P. 12(b)(1).

## FACTS

The factual allegations of the complaint are presumed to be true. On September 15, 1975, the New York City Housing Authority, of which the defendant Christian is Chairman, discharged plaintiff from his employment as a Housing Authority Police Officer. This discharge was based upon a recommendation by a hearing officer who found plaintiff guilty of "incompetency and misconduct." Although plaintiff claims that there was no evidence to substantiate some of the charges against him, he makes no claim of denial of procedural due process by the hearing officer.

On December 3, 1975, plaintiff commenced a special proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ["CPLR"] in the New York Supreme Court, New York County, to compel the Housing Authority to reinstate him. Then, on May 18, 1976, the Supreme Court transferred the special proceeding to the Appellate Division, First Department, pursuant to section 7804(g) of the CPLR.[1] The proceeding, however, was never transferred, and therein lies the essence of this complaint.

Pursuant to the rules of the Appellate Division, First Department, the petitioner in a proceeding transferred pursuant to section 7804(g) must "file the record or cause the same to be filed with the clerk of [the] court within 30 days after entry of the

---

1. This provision requires the lower court to transfer the proceeding to the Appellate Division whenever it contains an issue of "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence." N.Y.C.P. L.R. § 7803 (McKinney 1978).

order of transference." 22 N.Y.C.R.R. § 600.7(b) (1978). This was not done, however, because, according to the complaint, the "defendant, Norman Goodman, New York County Clerk and Clerk of the Supreme Court for the County of New York negligently and carelessly did lose, misplace or misfile, the Court file" for plaintiff's special proceeding. Complaint ¶ 9 (filed June 1, 1979).

Although plaintiff's counsel claims to have made "vigorous and persistent efforts to locate said missing court file," id. ¶ 10, he made no formal application until December 12, 1977, when he moved for an order compelling the Housing Authority to furnish him a copy of the hearing transcript, id. ¶ 11. After the Housing Authority furnished the transcript voluntarily, plaintiff moved in the Supreme Court "sometime in 1978," see id. ¶ 12, to resettle the record, and this motion was granted on July 19, 1978. Plaintiff then moved in the Appellate Division for an extension of time to perfect his special proceeding, but the motion was denied on September 26, 1978. According to the defendant Goodman, the Appellate Division granted the Housing Authority's cross-motion to dismiss the proceeding. Plaintiff's motion to reargue was thereafter denied on February 22, 1979.

Plaintiff then filed the instant complaint on June 1, 1979, alleging that he "has been deprived of his right to State Judicial Review and to resulting restoration of his job . . . by the negligence and carelessness of Defendant, Norman Goodman, acting under color of [state law] . . . ." Id. ¶ 15. Plaintiff further alleges that "the negligence and carelessness of defendant, Norman Goodman, a State Officer, is attributed to defendant, New York Housing Authority, a State instrumentality . . ." Id. ¶ 16.[2] Plaintiff characterizes his cause of action as one based upon 42 U.S.C. § 1983, suggesting that jurisdiction exists under 28 U.S.C. § 1331(a).

**2.** Despite this statement in the body of the complaint, the New York City Housing Authority was neither named in the caption of the

## DISCUSSION

■ Plaintiff alleges no act or conduct by the defendant Goodman that was done maliciously, intentionally, recklessly or in bad faith. Indeed, all that plaintiff has alleged is negligence or carelessness. Consequently, even if a state court clerk is entitled to only qualified immunity from suit under section 1983, see Marty's Adult World of New Britain, Inc. v. Guida, 453 F.Supp. 810, 814–17 (D.Conn.1978), the defendant Goodman is immune in this case, because the complaint alleges no act or conduct that was not in good faith. See, e. g., Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1975).

■ An even greater obstacle to plaintiff's complaint is its failure to allege a deprivation of a constitutional right. Plaintiff asserts that he has a constitutional right to "access to the Courts and judicial review" of his dismissal. Plaintiff's Memorandum at 2 (filed December 11, 1979). This, however, is something of an overstatement. What he at most has is a right *not to be deprived* by the state of such access and review *without due process of law*. This distinction was recently drawn by the Supreme Court in Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), where the Court held that a person mistakenly arrested pursuant to a facially valid warrant did not have a federal cause of action against the arresting officer. The Court rejected the contention that the Constitution establishes an unqualified right to liberty:

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law."

Id. at 146, 99 S.Ct. at 2695.

The Court expressly held, over the dissent of Mr. Justice Stevens, in which Justices Brennan and Marshall joined, that there is no constitutional requirement that an ar-

complaint nor served. It is therefore not a defendant.

resting officer "independently investigate every claim of innocence," or follow certain procedures to prevent mistaken identification.[3] Consequently, a failure to follow such procedures does not amount to a constitutional violation, notwithstanding that it may be a breach of duty of care under state law:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

*Id.* at 146, 99 S.Ct. at 2695–2696.

■ In the instant case, the plaintiff has specified no duties imposed by the Constitution on state court clerks, and this Court has enough to keep it busy imposing duties on its own clerks. The Constitution cannot be read to guarantee infallible court clerks any more than it can be read to guarantee infallible police officers, or for that matter, infallible judges. The most that can reasonably be required is that the state provide a mechanism for the correction of mistakes when they occur. Such a mechanism was certainly available to the plaintiff herein. Consequently, the defendant Goodman breached no constitutional duty owed to the plaintiff.

■ Moreover, even if it could be said that defendant Goodman breached a duty owed to the plaintiff under state law and proximately caused the dismissal of his special proceeding, he did not "deprive" the plaintiff of "access to the courts and judicial review" within the meaning of the fourteenth amendment. This conclusion is based on the very recent Supreme Court case, *Martinez v. California,* —— U.S. ——, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), where the Court held that the survivors of a girl murdered by a "Mentally Disordered Sex Offender not amenable to treatment" did not have a cause of action under section 1983 against the state officials responsible for the murderer's release on parole five months before the murder. The Court reasoned that the officials' decision "did not 'deprive' [the girl] of life within the meaning of the Fourteenth Amendment." *Id.* at ——, 100 S.Ct. at 559. The Court noted the parole board's lack of knowledge that the girl, "as distinguished from the public at large, faced any special danger," and concluded that the girl's death "is too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law." *Id.*

■ Similarly, there is no allegation here that the defendant Goodman knew or should have known that the loss or misplacing of a file would be more likely to lead to a dismissal in plaintiff's case than in the case of any other litigant. Given plaintiff's failure to attempt to resettle the record for over eighteen months, and his failure to move for an extension of time to perfect his special proceeding for at least an additional seven months, the Court finds that the dismissal is "too remote a consequence" of defendant Goodman's conduct to hold him responsible under federal civil rights law.

■ As to defendant Christian, since his liability is, at best, derivative from defendant Goodman's conduct, the complaint fails to state a cause of action under section 1983 against him as well. Moreover, since he is in no way responsible for defendant Goodman's conduct, and since the complaint alleges no acts or conduct by him, it fails to state a cause of action against him in any event.

## CONCLUSION

In accordance with the foregoing, the complaint is dismissed as to both defendants. The Clerk of the Court is directed to prepare and enter a Judgment dismissing the complaint, with prejudice, for want of a substantial federal question. Fed.R.Civ.P. 12(b)(1).

SO ORDERED.

---

3. The dissenters argued that persons in custody of pretrial detainees should be required to employ procedures "reasonably calculated to establish that a person being detained for the alleged commission of a crime was in fact the person believed to be guilty of the offense." 443 U.S. at 149, 99 S.Ct. at 2697 (Stevens, J., dissenting).