Michael KANE, Plaintiff,

v.

YUNG WON HAN, Nat Amols and Norman H. Shilling, Defendants.

No. 78 CV 1386 (ERN).

United States District Court, E.D. New York.

Oct. 28, 1982.

Michael Kane, plaintiff pro se.

Robert Abrams, Atty. Gen., State of N.Y., by Charlotte C. Lee, Asst. Atty. Gen., New York City, for defendants Amols and Shilling.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. The defendants are Yung Won Han, an individual not affiliated with the State of New York as an official or employee; Norman Shilling, a Judge of the Civil Court of New York, Kings County; and Nat Amols, a calendar clerk of the same court. The case is before the Court on a motion to dismiss defendants Shilling and Amols on the ground of judicial immunity. For the reasons stated below, the motion is granted as to defendant Shilling and denied as to defendant Amols.

A motion to dismiss may be granted only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (foot-

note omitted); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90. The material allegations of the complaint are presumed to be true for purposes of this motion. *Scheuer, supra.*

The facts alleged by plaintiff are as follows. Plaintiff Kane was attacked on a city street, injured, and robbed of certain valuable items by employees of defendant Yung Won Han and under Han's orders. Plaintiff subsequently filed suit against Han on January 18, 1978, in the Small Claims Department of the Civil Court of New York, Kings County, to recover damages for the items stolen from him and for injuries sustained. Defendant Amols was serving as calendar clerk of that court at all times relevant to this controversy. Shilling was a Judge of the Civil Court of New York, who occasionally presided over Small Claims Court, on a revolving schedule.

Plaintiff alleges that Amols and Judge Shilling accepted a bribe from Han to prevent plaintiff from presenting his case to the court, and that thereafter Amols and Shilling falsified court records. Plaintiff alleges that Amols recorded plaintiff as not appearing when he had, in fact, appeared. Further, Shilling is alleged to have dismissed the case a week before the appointed hearing date, without giving plaintiff notice of the dismissal or of the changed date. Finally, it is alleged that when a trial was had, Han defaulted by failing to appear, leaving Shilling no choice but to award damages; nevertheless, Shilling wrongfully and maliciously dismissed the claim. Plaintiff then instituted this action.

### Shilling's Defense of Immunity

■ Section 1983, by its terms, contains no exceptions:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

The leading and often-cited case of *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872), established that in spite of the sweeping "every person" language in § 1983 judges retained their traditional common-law immunity. The *Bradley* holding has been consistently reiterated over the years. *E.g., Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The immunity survives regardless of allegations of corruption or maliciousness. *Bradley v. Fisher, supra.* Sound policy reasons support the protection afforded judges by the absolute immunity rule. Allowing dissatisfied litigants to sue judges "would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray, supra* at 554, 87 S.Ct. at 1217. Thus, the motion to dismiss as against defendant Shilling must be granted.

### Amols' Defense of Immunity

Absolute immunity has not been limited to judges. Legislators and prosecutors are also called upon to make delicate and potentially controversial decisions in the performance of their duties, and would be highly vulnerable to suits by dissatisfied constituents or defendants. Absolute immunity has therefore been extended to protect legislative and prosecutorial decisions from potential lawsuits. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors); *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951) (legislators).

On the other hand, it is recognized that certain executive officers and public administrators, while not entitled to the complete immunity afforded judges, legislators and prosecutors, merit limited protection from suit. Due to the discretionary nature of their activities, and the importance to the public of maintaining their judgment uninfluenced by the threat of legal liability,

governors, police officers and school board members have been accorded qualified immunity. *Scheuer v. Rhodes,* 416 U.S. at 247–48, 94 S.Ct. at 1691–1692 (1974) (qualified immunity extended to governor if acting in good faith and with reasonable grounds for belief); *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967) (common-law defense of good faith and probable cause available to police officers under § 1983); *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975) (school board member accorded qualified immunity if acting reasonably and in good faith).

A clerk of the court does not fit neatly into either category. Both absolute and qualified immunity are predicated on the need for independent decision making. The duties of a court clerk may include some discretionary functions similar in nature to those performed by judges, such as setting bail. Many of a clerk's duties, however, involve little or no discretion, and are merely ministerial in nature. Thus there is a split of authority as to what degree of immunity is afforded court clerks. *Compare Slotnick v. Staviskey,* 560 F.2d 31, 32 (1st Cir.1977) (absolute immunity), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978); *Davis v. McAteer,* 431 F.2d 81 (8th Cir.1970) (same); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir.) (same), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969); *Agnew v. Moody,* 330 F.2d 868, 870 (9th Cir.1964) (dicta), *with Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981) (qualified immunity); *Smith v. Martin,* 542 F.2d 688, 690 (6th Cir.1976) (same), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 388 (1977); *McCray v. Maryland,* 456 F.2d 1, 5 (4th Cir.1972) (same); *Brown v. Dunne,* 409 F.2d 341, 343 (7th Cir.1969) (same).[1]

The Court of Appeals for the Second Circuit has never addressed the issue. *Dieffenbach v. Attorney General of Vermont,* 604 F.2d 187, 200 (2d Cir.1979) (complaint

---

1. In *Marty's Adult World of New Britain, Inc. v. Guida,* 453 F.Supp. 810, 816 n.12 (D.Conn. 1978), *Brown* was interpreted as stating a rule of absolute immunity. The *Brown* court, how-

ever, appears to make a distinction between judicial and ministerial functions, according absolute immunity only to the former. 409 F.2d at 343.

fails to state a cause of action and it is therefore "unnecessary to consider whether and to what extent judicial immunity extends to a clerk of the court"). The district courts within the Second Circuit that have considered this issue also have split as to what type of immunity is appropriate. *Compare Green v. Bartholomew,* No. 78–3994, slip op. (S.D.N.Y. Jan. 12, 1979), *with Gutierrez v. Vergari,* 499 F.Supp. 1040 (S.D.N.Y.1980).

 The issue may be better understood by characterizing the action complained of in terms of function, rather than attempting to determine whether a clerk is more like a judge or more like an administrator. That is, the type of immunity extended should depend on whether the particular act in question was of a judicial nature, in which case the immunity should be absolute,[2] or of a ministerial nature, to which only qualified immunity should attach. In the latter case, a defense of good faith is available to the clerk which, if proven, will shield him from further suit.

 This approach preserves the clerk's ability to make discretionary decisions of a judicial nature uninfluenced by fear of potential litigation, and prevents circumvention of judicial immunity. It also protects the clerk from liability for merely following a judge's orders, yet does not deny victims of malicious or bad-faith actions a remedy at law.[3]

In *Van Vleet v. County of Onondaga,* No. 80–265, slip op. (N.D.N.Y. Feb. 27, 1981), the court expressed a similar view: "Court Clerks are entitled to the same 'good faith and probable cause' defense afforded other administrative officials ...." Two exceptions were noted, however, in which a clerk is entitled to absolute immunity. First, when a clerk performs a discretionary act of a judicial nature, and second, when the action is ministerial but under a specific order of a judge, the clerk is absolutely immune. *Id. Accord, Marty's Adult World of New Britain, Inc. v. Guida,* 453 F.Supp. 810, 814–17 (D.Conn.1978); *Brabham v. Ward,* No. 77–4283, slip op. (S.D.N.Y. Sept. 21, 1978).

 Applying that test to the alleged facts of this case, defendant Amols is not entitled to judicial or absolute immunity. Plaintiff's allegations include defendant's tampering with court records, and a refusal to record him as being present at roll call, purely ministerial tasks. Defendant, however, is entitled to qualified immunity; that is, a defense of good faith is available to him and, if shown, he will be immune from further action on the claim. Whether defendant acted in good faith is, of course, a question of fact which survives a motion to dismiss.

Accordingly, the motion to dismiss is granted as to defendant Shilling and denied with respect to defendant Amols.

SO ORDERED.

---

**2.** The fear that allowing suits against court clerks would amount to allowing circumvention of judicial immunity was expressed in *Blouin v. Dembitz,* 367 F.Supp. 415, 422 (S.D.N.Y.1973), aff'd on other grounds, 489 F.2d 488 (2d Cir. 1973). The present test avoids that difficulty by singling out acts of a judicial nature for the complete protection afforded by absolute immunity.

**3.** Bad faith or maliciousness is an essential allegation. Mere negligence or carelessness is insufficient to overcome a court clerk's defense of qualified immunity. *Seldon v. Goodman,* 487 F.Supp. 30, 32 (S.D.N.Y.1980).