654 F.Supp. 1244 (1987)
Thomas R. BARNES, Plaintiff,
v.
Bradshaw SMITH, et al., Defendants.
No. 87-279C(1).
United States District Court, E.D. Missouri, E.D.
March 5, 1987.
*1245 Thomas R. Barnes, pro se.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that defendant Eyvon Mendenhall be and is dismissed from this action under 28 U.S.C. § 1915(d).
IT IS FURTHER ORDERED that Count III of the plaintiff's complaint be and is dismissed under 28 U.S.C. § 1915(d).
IT IS FURTHER ORDERED that the Clerk shall issue process and summons upon the complaint as to the remaining defendants.
On February 13, 1987, the plaintiff, Thomas R. Barnes, filed the instant complaint, alleging violations of his federal constitutional rights and seeking damages, attorneys' fees, and injunctive relief under 42 U.S.C. § 1983. In Count I, the plaintiff alleges that he was beaten by the prosecutor and sheriff of Carter County, Missouri, in violation of the Fifth, Eighth, and Fourteenth Amendments. In Count II, the plaintiff alleges that the Clerk of the United States District Court for the Eastern District of Missouri denied him access to the "criminal courts of the E.D. of Missouri" in violation of his First and Fourteenth Amendment rights by refusing to file his petition for a writ of habeas corpus ad testificandum. In Count III, the plaintiff alleges that a nationwide conspiracy to *1246 block prisoners' access "to crimonal [sic] courts to file charges against corrupted officials" and that defendants Smith and Bryant participated in or acted with knowledge of this conspiracy. In addition to seeking damages and attorneys' fees, the plaintiff seeks to enjoin the defendants from preventing him from filing criminal charges arising out of his alleged beating.
Upon filing the instant complaint, the plaintiff applied to proceed in forma pauperis. After a preliminary review, the United States Magistrate ordered the complaint filed without payment of the required filing fee under 28 U.S.C. § 1915(a). However, the Magistrate further ordered that process not issue and that the complaint be reviewed under 28 U.S.C. § 1915(d). See Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir.1982). Thus, the complaint is before this Court for review of frivolity.
Under 28 U.S.C. § 1915(d), a district court may dismiss as frivolous an in forma pauperis action if it appears beyond doubt that the petitioner can prove no set of facts in support of the claim which would warrant relief. Sanders v. United States, 760 F.2d 869, 871 (8th Cir.1985) (per curiam). Applying this standard to the instant allegations, this Court dismisses Counts II and III of the plaintiff's complaint.
To prevail under § 1983, a plaintiff must establish a statutory or constitutional right and a violation of that right. Regarding the allegations against the Clerk of this Court, the plaintiff relies upon the First and Fourteenth Amendments to the United States Constitution. Presumably, the plaintiff relies upon the due process clause of the Fourteenth Amendment and the First Amendment right to petition the government. See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 611-12, 30 L.Ed.2d 642 (1972) ("The right of access to the courts is indeed but one aspect of the right to petition.").
According to the allegations of the plaintiff's complaint and the series of correspondence attached thereto, the plaintiff attempted to file a document denominated as a petition for a writ of habeas corpus ad testificandum. Through the writ, the plaintiff, then and now incarcerated at the Missouri State Penetentiary, sought to come before a United States Magistrate to swear out a criminal complaint against defendants Bryant and Smith for the acts which form the basis of the instant action. The Clerk, through her Deputy, responded that the plaintiff had no action pending before the court in which to file the petition. However, the Clerk also recognized the plaintiff's desire to initiate some form of legal action. Accordingly, the Clerk returned the petition without filing and enclosed a set of standard forms and instructions for the drafting of the § 1983 complaint. In addition, the Clerk referred the plaintiff to the United States Attorney, noting that a federal criminal action could be initiated only by the federal government.
The duty of a clerk to file items presented to her is not well-defined either by constitution, statutory, or decisional law, nor do the Federal Rules of Civil Procedure define the clerk's duty. It might be said that the Clerk has some discretion not to file documents, for example those which are scurrilous or obscene. Cf. State ex rel. Wanamaker v. Miller, 164 Ohio St. 176, 177, 128 N.E.2d 110 (1955) (quoted in Burns v. Ohio, 360 U.S. 252, 256, 79 S.Ct. 1164, 1167, 3 L.Ed.2d 1209 (1959)) (Clerk of the Supreme Court of Ohio has no duty to file scurrilous or obscene papers). In addition, if no action is pending the Clerk surely need not file as a complaint every inchoate request. Here, however, the Court need not define the Clerk's duties since the Court concludes that the Clerk is immune from liability.
In the performance of ministerial, nonjudicial duties, a clerk is entitled to qualified, good faith immunity. McLallen v. Henderson, 492 F.2d 1298, 1299 (8th Cir.1974); Kane v. Yung Won Han, 550 F.Supp. 120, 122-23 (E.D.N.Y.1982); Martinez v. Winner, 548 F.Supp. 278, 330 (D.Colo.1982); Norwood v. Solomon, 431 *1247 F.Supp. 380, 382 (E.D.Mo.1977). But see Davis v. McAteer, 431 F.2d 81, 82 (8th Cir.1970) (clerk entitled to judicial immunity). See generally McCurry v. Tesch, 738 F.2d 271, 173-74 n. 2 (8th Cir.1984), cert. denied, 469 U.S. 1211, 105 S.Ct. 1180, 84 L.Ed.2d 328 (1985) (discussing potential conflict between McLallen and Davis). Under this immunity, clerks are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).
As the documents filed with the plaintiff's complaint reveal, the Clerk did not violate a clearly established right by returning the plaintiff's petition.[1] At the time the Clerk received the plaintiff's petition, the plaintiff had no action pending. The petition was neither denominated as a complaint nor sought a judgment as relief. See Fed.R.Civ.P. 8(a). The Clerk sent forms to the plaintiff to assist in filing a § 1983 action. For her efforts, the Clerk has now been named as a defendant. Thus, the instant complaint serves to rebut any claim of denial of access. Moreover, the plaintiff had no right to a writ because he has no right to swear out a criminal complaint. United States v. Bryson, 434 F.Supp. 986, 988 (W.D.Okla.1977); United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 174 (E.D.Pa.1975); United States v. Panza, 381 F.Supp. 1133 (W.D.Pa. 1974); see also C. Wright Federal Practice and Procedure § 42 (1982). Finally, because the Clerk's duty to file documents is not well-defined, she violated no clear right by not filing the plaintiff's petition. Therefore, the Clerk is entitled to immunity from liability under the present circumstances. Consequently, the plaintiff can prove no set of facts entitling him to relief on Count II.
Regarding Count III, the plaintiff alleges a nationwide conspiracy to deny prisoners access to courts. Allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds. Smith v. Bacon, 699 F.2d 434, 436 (8th Cir.1983). The plaintiff's vague allegations of a conspiracy among all law enforcement officials does not satisfy this standard. Accordingly, Count III is also dismissed as frivolous.
NOTES
[1] Under the frivolity standard of § 1915(d), the Court must take the plaintiff's allegations as true. However, as on a motion to dismiss, where the allegations themselves along with exhibits filed with the complaint reveal that the plaintiff is not entitled to relief under any set of facts, the Court may dismiss the complaint.