**Dennis Nelson FIXEL, Plaintiff,**

v.

**UNITED STATES of America; Richard L. Owens, Pro se Law Clerk; and Salvador Godinez, Ely State Prison Warden, Defendants.**

**Dennis Nelson FIXEL, Plaintiff,**

v.

**UNITED STATES DISTRICT COURT, Northern District of Nevada; Carol C. Fitzgerald, District Court Clerk; Oma L. Rose, Deputy Clerk; Richard L. Owens, Pro se Law Clerk; and The Nevada Department of Prisons, Defendants.**

**No. CV–N–90–187–HDM.**

United States District Court,
D. Nevada.

April 23, 1990.

594

Dennis N. Fixel, in pro. per.

MEMORNADUM DECISION
AND ORDER

McKIBBEN, District Judge.

Plaintiff Dennis Nelson Fixel is an inmate at Ely State Prison. He has submitted to the clerk of the court two motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and two civil rights complaints pursuant to 42 U.S.C. § 1983. In one complaint (Action I), Fixel sues the United States; Richard Owens, *pro se* law clerk for the U.S. District Court; and warden Salvador Godinez. In the other (Action II), Fixel sues the U.S. District Court in Reno, various court clerks, Richard Owens, and the Nevada Department of Prisons. It has been determined and ordered that the plaintiff be granted leave to proceed *in forma pauperis* in both actions. However, it has been further determined that both complaints are frivolous and shall not be served on the named defendants.

In *Franklin v. Murphy*, the Ninth Circuit decided that "a court may dismiss a frivolous [*in forma pauperis*] action sua sponte before service of process on defendants." *Franklin v. Murphy*, 745 F.2d 1221, 1225–26 (9th Cir.1984). The court also adopted the *Watson v. Ault* standard for determining frivolity under § 1915(d). Under this approach, determining frivolity is "an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* at 1227 (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)).

The frivolity standard of *Franklin* acknowledges the requirement to liberally construe a *pro se* complaint. In addition, the *in forma pauperis* plaintiff's "sworn

allegations are ... uncontroverted and entitled to the usual assumption of truth." *Id.* at 1228. However, this requirement applies to factual allegations, not conclusory statements.

"To make out a cause of action under § 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[1] *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). But, the mere fact that a claim is characterized as a § 1983 action, along with alleged violations of federal rights, does not automatically confer subject matter jurisdiction on the court. The complaint must also plead facts, not conclusions, which show an arguable basis for the claim.

If a court determines that a claim is frivolous under the *Franklin* standard, dismissal is proper. However, a dismissal on the basis of frivolity does not operate as a judgment on the merits. Consequently, the plaintiff may still seek relief in the state courts or reassert the claim in federal court with the deficiencies corrected.

Under 28 U.S.C. § 1915(d), this court has authority to dismiss an *in forma pauperis* claim if "the action is frivolous or malicious." In this context, the United States Supreme Court has interpreted a "frivolous" complaint as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). After reviewing Fixel's complaints, it is the opinion of this court that each of his claims is frivolous under this standard.

## ANALYSIS OF ACTION I

 Fixel alleges that Defendant Owens has used "improper tactics" in returning several complaints to him on various grounds. He further alleges that the United States is responsible for the hiring and training of Defendant Owens and has the duty to ensure that *pro se* law clerks "follow the guidelines set for them by the court." Complaint at 2. Fixel complains that these actions and omissions have caused him "the possible loss of [his] freedom and [the] right to petition the government for redress." *Id.* at 1. Fixel requests declaratory relief, an injunction, general and punitive damages, and attorney fees.

### Claims against Richard Owens

Fixel alleges that, through gross negligence, Defendant Owens, as *pro se* law clerk, has repeatedly returned his complaints and petitions under various grounds, allegedly violating U.S. District Court guidelines and thereby his right of access to the courts and other civil rights. Specifically, Fixel complains that a civil rights complaint of July 1989 was returned by Owens for failure to state a claim, a January 1990 § 1983 complaint was returned by Owens for failure to stay within the page limit requirement,[2] Owens has refused to act on at least two habeas corpus petitions and two § 1983 complaints mailed in December 1989, and has also returned other petitions and complaints "valid anywhere else in the United States." *Id.* at 2.

Plaintiff's complaint against Defendant Owens must be dismissed because the claims alleged therein are frivolous as a matter of law. 28 U.S.C. § 2071 gives the district courts the authority to implement and enforce local rules. Under Local Rule 215(j), any petition for habeas corpus or for civil rights violations "which does not comply with [the local rules] may be returned by the clerk" unfiled. Under the local

---

**1.** Plaintiff appears to be alleging some type of *Bivens* action in both complaints in that he names several defendants whom he alleges acted under color of state law, but explains the basis for their actions as essentially under color of federal law. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** Fixel admits that this complaint, filed on the form issued by the U.S. District Court, District of Nevada, was thirty-five (35) pages long. However, he argues that the form permits him to add two pages for each cause of action or defendant sued in the case—in this case, ninety defendants.

rules, all such petitions and complaints "shall be on forms approved by this court." L.R. 215(a).

Taken as true, the facts as alleged in the complaint show that Defendant Owens was acting within his scope of authority in returning Fixel's complaints. Although prisoners have a constitutional right of access to the courts, the standard for access to the courts is "meaningful access" rather than total or unlimited access. *Bounds v. Smith*, 430 U.S. 817, 821–23, 97 S.Ct. 1491, 1494–96, 52 L.Ed.2d 72 (1977). Certainly, there is no requirement that local rules be suspended for every *pro se* plaintiff. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Accordingly, Fixel had "meaningful" access to the courts, and he fails to state a claim for violation of his right of access to the courts.

*Claims against the United States*

Fixel complains that the United States is breaching its duty to screen and train those hired for the position of *pro se* law clerks and is knowingly allowing Defendant Owens to deprive *pro se* petitioners of their civil rights. He also alleges that a conspiracy exists between the courts and the law clerks to refuse to file *pro se* pleadings for "even the slightest technical mistake." Complaint at 4.

■ Again, Fixel's complaint against the United States must be dismissed because the claims alleged therein are frivolous as a matter of law. The United States is not a "person" and cannot be sued under § 1983. *Accardi v. United States*, 435 F.2d 1239 (3d Cir.1970).

■ Furthermore, to state a claim of conspiracy, allegations must be pleaded with sufficient specificity and factual support to suggest the defendants had a mutual understanding through a meeting of the minds regarding the alleged unconstitutional act. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir.1985) (per curiam); *Williams v. Sumner*, 648 F.Supp. 510, 513 (D.Nev. 1986). Here, Fixel has failed to allege sufficient facts to support a constitutionally cognizable claim for conspiracy.

*Claims against Warden Godinez*

■ Fixel alleges that Defendant Godinez has neglected to release him from prison after being told by Plaintiff that his sentence violates double jeopardy. The nature of this complaint seems to be essentially the same issue regarding his conviction and sentence that Fixel has already raised in this court numerous times.

Plaintiff's complaint against Defendant Godinez must be dismissed because his vague allegations have no arguable merit. Furthermore, Defendant Godinez has eleventh amendment immunity against the damages claim. In any event, the action is duplicitous. Thus, even assuming Fixel's complaint states a claim that is not barred by immunity, this cause of action can be dismissed because it is redundant and barred by *res judicata.*

Fixel has been warned by this Court about filing duplicative actions. In *Dennis Nelson Fixel v. Nevada Sup.Ct., et al.,* CV–N–89–0411–HDM, in which the Nevada Attorney General's Office and four unnamed deputies were named as defendants (among others), Plaintiff was warned that should he attempt to continue to litigate the issue of his alleged improper sentence, sanctions might be imposed against him. That decision, issued in July 1989, cited to three prior actions in which Plaintiff had attempted to litigate this same issue: CV–N–87–0444–ECR, CV–N–89–0165–HDM, and CV–N–89–0339–HDM. Additionally, in yet another duplicitous action, Judge George warned Plaintiff in August 1989 about attempting to continue to litigate this same issue:

Plaintiff is hereby warned that should he continue to attempt to litigate the issue regarding the impropriety of his sentence being enhanced because of the use of a weapon during the commission of a crime, this Court may impose sanctions against him pursuant to Rule 11, Fed.R.Civ.P. Plaintiff has already litigated this issue in too many actions. *See Dennis Nelson Fixel v. John Slansky,* CV–R–85–643–ECR, *Dennis Nelson Fixel v. John Slansky,* CV–R–87–444–ECR, *Dennis Nelson Fixel v. George Sumner,*

CV–R–89–0039–ECR, *Dennis Nelson Fixel v. Nevada Legislative Comm'n,* CV–N–89–0165–HDM, *Dennis Nelson Fixel v. Nevada Supreme Court,* CV–N–89–0339–HDM, *Dennis Nelson Fixel v. Nevada Supreme Court,* CV–N–89–0411–HDM.

*Dennis Nelson Fixel v. Judge Reed, et al.,* CV–S–89–0589–LDG (D.Nev. Aug. 7, 1989), docket # 3 at 4. In total, Fixel admits to filing sixteen prior lawsuits in federal court after his conviction; this number matches with the court's records.

Fixel has, therefore, received sufficient warning regarding the possible imposition of sanctions against him should he continue to attempt to litigate this same issue.

## ACTION II

In Fixel's second action, received two days after Action I, Fixel sues the U.S. District Court, Clerk Carol FitzGerald, Deputy Clerk Orna [sic] Rose, *pro se* law clerk Richard Owens, and the Nevada Department of Prisons (NDOP). In this action, Fixel alleges that he is being deprived of his right of access to the courts and suffers a possible loss of freedom caused by the defendants' refusal to file his "valid habeas corpus petitions." Complaint at 1. He requests relief as in Action I, but also requests Rule 11 sanctions.

### Claims against Oma Rose

■ Fixel complains that Defendant Rose deprived his constitutional rights by returning two of his petitions for habeas corpus, filed on November 8, 1989, that were filed without an attached form for Motion for Leave to Proceed *In Forma Pauperis.* He explains that, since he "did not have a recent finicial [sic] statement, [he] submitted [a state form] that was a little old" with the explanation that he had already been granted *in forma pauperis* status in the federal court sixteen times. *Id.* at 2.

Plaintiff's complaint against Defendant Rose must be dismissed because the claims alleged therein are frivolous as a matter of law. First, Fixel has not raised an arguable question of law; he has provided no support for his vague and conclusory allegations of "gross negligence and callous[,] reckless disregard of ... laws." *See id.* at 2A. Second, Fixel fails to address the fact that Defendant Rose's actions are in accordance with the local rules. In any event, Defendant Rose has a defense of qualified immunity as to Fixel's damage claim, and Plaintiff has not shown that injunctive relief is warranted.

Under Local Rule 215(h), a plaintiff must file the completed form for an *in forma pauperis* motion—complete with the financial certificate and affidavit—with his complaint. The facts as alleged in the complaint, under Local Rules, show that Defendant Rose was acting within the scope of her authority in returning Fixel's petitions filed without the form. Under the local rules, the federal form for an *in forma pauperis* motion must be attached to the complaint. The form contains a certificate, completed by penal authorities, listing the current financial status of the prisoner. Being granted *in forma pauperis* status in one case does not indicate that it will necessarily be granted in future litigation. Furthermore, a separate form is needed for each complaint due to the fact that each complaint initiates a distinct lawsuit, filed separately in court records.

■ Court clerks are entitled to quasi-judicial immunity from civil rights suits involving their actions taken while performing tasks that are an integral part of the judicial process. *Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Complaints not alleging bad faith or maliciousness will not overcome the court clerks' defense of qualified immunity. *Kane v. Yung Won Han,* 550 F.Supp. 120, 121 (E.D.N.Y.1982). Although immunity is not a defense against injunctive relief, no such relief is warranted here since Plaintiff has not alleged that Defendant Rose acted improperly or shown that there is a reasonable likelihood of future misconduct by Defendant. In any event, it is not necessary to consider such alternative grounds for dismissal in light of the Court's conclusion that Fixel's claim is frivolous.

*Claims against Richard Owens*

■ Plaintiff alleges that Defendant Owens violated his civil rights when he returned two petitions for habeas corpus that exceeded the page limit and raised too many grounds (eighteen to twenty) for not complying with the local form for *pro se* petitions.

Fixel's complaint against Defendant Owens must be dismissed because the claims alleged therein are frivolous as a matter of law since Fixel has failed to raise an arguable question of law. Fixel has provided no support for his vague and conclusory allegations of gross negligence and reckless disregard of law. Furthermore, Fixel fails to address the fact that Defendant Owens' actions are in accordance with the local rules. See analysis at 596, *supra.*

*Claims against Carol FitzGerald*

■ Fixel alleges that Defendant Fitz-Gerald, as clerk of the court, is "legally responsiable [sic] for the acts of other ... clerks" who are depriving him of his civil rights. Complaint at 2. Fixel's complaint against Defendant FitzGerald must be dismissed as frivolous. Fixel has failed to produce any evidence that would sustain his claims against Defendant FitzGerald. A supervisor cannot be held personally liable under § 1983 for the constitutional deprivations caused by her subordinates, absent her active participation or direction in the deprivation. *Ybarra v. Reno Thunderbird Mobilehome Village,* 723 F.2d 675, 681 (9th Cir.1984); *but see Wanger v. Bonner,* 621 F.2d 675, 679–81 (5th Cir.1980); *McClelland v. Facteau,* 610 F.2d 693, 696 (10th Cir.1979) (supervisor's failure to train or supervise personnel led to the deprivation of constitutional rights under § 1983).

Fixel's apparent theory of liability is that Defendant FitzGerald failed to properly train and supervise the court clerks. However, Plaintiff's conclusory allegations to this effect are insufficient. Fixel has failed to make the required allegations that Defendant FitzGerald: (1) knew of the violation of Fixel's constitutional rights but failed to remedy the wrong; (2) created or adopted a policy or custom of unconstitutional practices relating to the filing of *pro*

*se* civil rights complaints; or, (3) was grossly negligent in managing subordinates who unlawfully returned Fixel's complaints. *See King v. Atiyeh,* 814 F.2d 565 (9th Cir. 1987); *Bergquist v. County of Cochise,* 806 F.2d 1364 (9th Cir.1986).

*Claims against the United States District Court in Reno, Nevada*

Fixel complains that the District Court has failed to uphold the Constitution by hiring "incompetent or untrained law clerks who reject valid habeas corpus petitions." Complaint at 1. He also claims that all defendants have conspired to deprive him of his right of access to the courts.

Again, Fixel's complaint against the Court must be dismissed because the claims alleged therein are frivolous as a matter of law. The District Court is not a "person" and cannot be sued under § 1983. *Accardi v. United States,* 435 F.2d 1239 (3d Cir.1970). Furthermore, Fixel's allegations of a conspiracy are too conclusory to raise an arguable claim. *See supra* at 596.

*Claims against the Nevada Department of Prisons*

■ Fixel complains that NDOP, by allegedly taking over two months to process his financial certificates for his *in forma pauperis* forms, has continually and intentionally deprived him of his rights of access to the courts and to petition the government for redress.

Plaintiff's complaint against NDOP must also be dismissed because the claims alleged therein are frivolous as a matter of law. First, Plaintiff has not sufficiently alleged that the NDOP has acted improperly or contrary to law or constitutional provisions. The very presence of two of Plaintiff's complaints in this Court negates any allegations that he has been deprived of access to the courts and his right to petition the government. As stated above, the standard for access to the courts is "meaningful access" rather than total or unlimited access. *Bounds v. Smith,* 430 U.S. 817, 821–23, 97 S.Ct. 1491, 1494–96, 52 L.Ed.2d 72 (1977). A two-month processing time is

not tantamount to a constitutional violation for denial of access to the courts.

Second, Fixel has failed to make any allegations that would sustain his claims against NDOP. Fixel, in naming a state agency instead of any individuals, has failed to make the required allegations that NDOP created or adopted a policy or custom of unconstitutional practices relating to the filing of *in forma pauperis* motions. *See King*, 814 F.2d at 568; *Bergquist*, 806 F.2d at 1364.

■ In any event, even a valid damage claim against NDOP would be dismissed because the state of Nevada has not waived its immunity from suit in federal court as conferred by the eleventh amendment. Nev.Rev.Stat. § 41.031(3). The immunity encompasses state agencies as well. However, immunity does not extend to actions for prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986). Although Fixel does not ask the court for any injunctive relief against NDOP, his complaint does not make a sufficient showing that injunctive relief would be warranted anyway. In any event, it is not necessary to consider such alternative grounds for dismissal in light of the court's conclusion that Fixel's claim is frivolous.

### CONCLUSION

It is, therefore, ORDERED that Plaintiff's complaints shall be filed but not served on the defendants. Plaintiff's complaints are DISMISSED with prejudice. Should Plaintiff attempt to raise these issues in a subsequent complaint, he will be subject to sanctions of the court.