**Richard FORMANEK, Plaintiff,**

**v.**

**Jo ARMENT, et al., Defendants.**

**No. N89–0067C.**

United States District Court,
E.D. Missouri, N.D.

June 14, 1990.

Richard Formanek, pro se.

Joseph D. Welch, Hannibal, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

Plaintiff Richard Formanek brings this action for monetary and declaratory relief under 42 U.S.C. § 1983 against Jo Arment, Clerk of the Shelby County Circuit Court, and Toni Riekeberg, a court reporter. Plaintiff complains of delay in the receipt of the transcript of a proceeding in the Circuit Court of Shelby County during which he pleaded guilty to charges of sexual abuse and sodomy. Plaintiff alleges that as a result of the delay he "partially was compelled to withdraw his post conviction relief efforts." Therefore plaintiff al- leges that defendants' actions have result- ed in the denial of his rights to post convic- tion relief and have substantially prolonged his incarceration.

In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1216 at 120 (1969). A complaint is sufficient if it "contains[s] allegations from which an inference fairly may be drawn that evidence on those mate- rial points will be introduced at trial." *Id.* at 122–23. A complaint should not be dis- missed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102.

Clerks of court and court reporters "have absolute immunity from actions for damages arising from acts they are specifi- cally required to do under court order or at a judge's direction." *Rogers v. Bruntrag- er,* 841 F.2d 853, 856 (8th Cir.1988) (clerks of court); *see also McCurry v. Tesch,* 738 F.2d 271, 273 n. 2 (8th Cir.1984); *McLallen v. Henderson,* 492 F.2d 1298, 1300 (8th Cir.1974) (court reporters acting in good faith pursuant to the instructions or rules of the court have an absolute defense to suit for damages); *Barnes v. Smith,* 654 F.Supp. 1244, 1246 (E.D.Mo.1987).

Upon consideration of the affidavit of defendant Riekeberg submitted in sup- port of defendants' motion to dismiss, the Court finds that defendant Riekeberg acted pursuant to the directions and orders of the Circuit Court of Shelby County. The delay in the receipt of the transcript of the guilty plea proceeding was apparently occasioned by a misunderstanding between plaintiff, plaintiff's counsel and court personnel con- cerning which of several court proceedings

plaintiff sought to have transcribed. On the basis of her affidavit the Court finds that defendant Riekeberg never received from plaintiff a formal request for a transcript of the guilty plea proceeding. *See* Affidavit of Toni Riekeberg at ¶¶ 13–14 and 17–19. In addition, when defendant Riekeberg received notice of plaintiff's request and learned which transcript he sought, she promptly prepared and delivered that transcript. There is nothing in the record which would lead the Court to conclude that defendant Riekeberg knowingly acted in contravention of plaintiff's established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982). Accordingly, she is entitled to qualified immunity with respect to plaintiff's claim for money damages.

■ With respect to defendant Arment the Court finds plaintiff's complaint devoid of allegations which could form the basis of a claim against her. As Court Clerk of Shelby County, defendant Arment has no legal duty to prepare or obtain a transcript of a guilty plea proceeding in the absence of a formal request for the same. *See* Mo.Rev.Stat. § 483.010 *et seq.* (enumerating the duties of circuit court clerks).

In addition, there is no evidence that defendant Arment in any way intentionally obstructed plaintiff's efforts to obtain the transcript.

■ Finally, the Court notes that there is no causal link between defendants' purported delinquencies and plaintiff's alleged injury—loss of plaintiff's opportunity to pursue state post-conviction remedies. Plaintiff alleges that the delay in obtaining the transcript "partially" caused him to withdraw his efforts to obtain post-conviction relief. He does not assert that he attempted to obtain an extension of the deadline for filing for such relief in light of the delay of the transcript. Such action on plaintiff's part could have averted the injury of which he complains. In light of the foregoing the Court also concludes that

plaintiff's request for declaratory relief should also be dismissed.