**Willie B. DAVIS, Appellant,**

v.

**James H. McATEER, Clerk, Circuit Court,
City of St. Louis, Missouri, Appellee.**

**No. 19963.**

United States Court of Appeals,
Eighth Circuit.

Sept. 9, 1970.

Arthur Friedman, St. Louis, Mo., for appellee; J. Brendan Ryan, Circuit Atty., and Daniel R. Devereaux, Asst. Circuit Atty., St. Louis, Mo., on the brief.

Before MEHAFFY and BRIGHT, Circuit Judges, and HARPER, Chief District Judge.

MEHAFFY, Circuit Judge.

Davis, the appellant, a prisoner in the Missouri Department of Correction serving two life sentences and five twenty-five-year sentences imposed after pleas of guilty in October, 1955, brought this suit for damages against the clerk of the Circuit Court of St. Louis, Missouri under the Civil Rights Act, 42 U.S.C.A. § 1983, alleging that the clerk lost certain court files which would corroborate his claim that he, Davis, was kept under the influence of drugs while in the city jail prior to his guilty pleas which rendered his pleas invalid. The federal district court, The Honorable John K. Regan presiding, granted defendant's motion to dismiss the complaint based on the doctrine of immunity. We affirm.

Davis specifically alleges that at a post-conviction hearing in Missouri state court he discovered this loss of "records relating to hospital commitment and return and records relating to voir dire examination of jurymen * * *" and that the defendant "did not, could not or would not produce them." It is asserted that this deprived Davis of the affirmative proof necessary to substantiate his claim as to the involuntariness of his pleas and thus violated his constitutional rights to due process and equal protection of the law guaranteed by the Fourteenth Amendment.

Defendant moved to dismiss the complaint on the grounds that (1) the com-

plaint failed to state a claim upon which relief could be granted; (2) an adequate remedy existed in state court; and (3) he was immune from suit for damages.

Davis filed a response to the motion, and thereafter the court, as aforementioned, ordered the dismissal of the complaint citing Rhodes v. Houston, 202 F. Supp. 624, 634 (D.Neb.1962), aff'd, 309 F.2d 959 (8th Cir. 1962), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963); Rhodes v. Meyer, 334 F.2d 709, 718 (8th Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964).

■■ The crux of this case and the thrust of Davis' argument is the immunity question, but Davis also asserts that the complaint was amendable and that he should have been permitted to amend it. In this connection, we note that the motion to dismiss was filed on July 22, 1969, and on July 25, 1969 Davis filed "suggestions in opposition to motion to dismiss." It was not until September 8, 1969 that Judge Regan entered the order dismissing the complaint. The record before us does not divulge that Davis requested an amendment to his complaint, although ample time intervened for such a motion prior to the court's order of dismissal. We also note that the district court's order dismissing the complaint and cause was a final order. No right exists to amend after a court's dismissal of a complaint absent leave of the court. See 3 Moore, Federal Practice ¶ 15.07 [2], at 853 (2d ed. 1968). There is no merit to Davis' contention on this issue.

■ The Supreme Court has set at rest any doubt heretofore existing that a § 1983 case abolished or in any wise affected the doctrine of judicial immunity. Ray v. United States, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Court there said that immunity applies even where the judge is accused of acting maliciously and corruptly.

■ This court and others have specifically held that clerks of court are entitled to immunity the same as judges. Rhodes v. Meyer, supra; Rhodes v. Houston, supra; Niklaus v. Simmons, 196 F. Supp. 691 (D.Neb.1961); Ginsburg v. Stern, 125 F.Supp. 596 (W.D.Penn. 1954), aff'd per curiam 225 F.2d 245 (3rd Cir. 1955).

In Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969), it was held that a court clerk and reporter were clothed with judicial immunity in a suit alleging that the officers refused to furnish plaintiff with a portion of the state criminal trial transcript.

■ It is argued here that the clerk's action is clearly beyond the normal functions of that officer and thus beyond the pale of judicial immunity. The records sought here, to quote from Davis' complaint, relate to "hospital commitment and return and records relating to voir dire examination of jurymen." We know of no reason why Davis in his unsuccessful state post-conviction hearing could not have subpoenaed any desirable hospital records and we cannot envision, and Davis has not disclosed, how any effective light could be thrown on the subject by production and furnishment of any voir dire examination of the jury. A court clerk, unlike a prosecutor, a sheriff or a policeman, has no investigative duties, and such argument as was made and commented upon by this court in Wilhelm v. Turner, 431 F.2d 177 (8th Cir. June 8, 1970), has no application here.

It is a serious matter for the federal courts when an issue against a state officer is presented, and we must be ever mindful of the delicate federal-state balance in such suits. See, e. g., Rhodes v. Houston, supra.

The judgment is affirmed.