**Edward McLALLEN, Appellant,**

v.

**Jack HENDERSON, Official Court Stenographer, 30th Judicial Circuit of Missouri, Appellee.**

**No. 73-1696.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1974.

Decided March 5, 1974.

---

Lawrence M. Berkowitz, Kansas City, Mo., for appellant.

Robert S. Drake, Jr., Warsaw, Mo., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and DENNEY, District Judge.*

DENNEY, District Judge.

Appellant, McLallen, was convicted on May 8, 1972, in the Circuit Court of Benton County, Missouri, on four felony counts. On June 19, 1972, McLallen filed a notice of appeal of the convictions. The Circuit Court of Benton County found that appellant was unable to pay the costs of a transcript of the trial for the appeal and ordered the official court reporter, Henderson, the appellee, to prepare such transcript and furnish a copy without cost to McLallen.

On May 15, 1973, the transcript was finally delivered to McLallen's counsel. On May 21, 1973, McLallen filed suit, alleging that Henderson had violated his civil rights protected by 42 U.S.C. § 1983. In particular, McLallen alleged that Henderson had denied McLallen his right to the transcript for an unreasonable period of time, for which he should have money damages. On motion of the appellee, the trial court dismissed the suit on the ground that the appellee was immune from suit under § 1983 because of the doctrine of judicial immunity. We reverse.

This Court has held that court functionaries such as clerks are not clothed in judicial immunity because their duties are ministerial, not discretionary, in nature. Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973). Judicial immunity is only granted to non-judicial

* Honorable ROBERT V. DENNEY, District Judge, District of Nebraska, sitting by designation.

officials who, like judges, must not be unduly inhibited to exercise discretionary authority by the constant fear of personal liability for damages. Applied to non-judicial officials, judicial immunity is termed quasi-judicial immunity and examples are prosecuting attorneys and parole board members. McCray v. State of Maryland, 456 F.2d 1 (4th Cir. 1972). Reporters are like clerks, in that their duties are ministerial in nature and thus are not protected by quasi-judicial immunity.

However, this is not to say that clerks and court reporters may not have an absolute defense, sometimes referred to as a qualified immunity, to a suit for damages. Such is the case where the clerk, or reporter can show that he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court and was not in derogation of those instructions or rules. Barnes v. Dorsey, *supra.* It will be for the trial court to determine upon remand whether appellee Henderson has properly raised and established that he was acting pursuant to his lawful authority or following an order of the court.

Reversed and remanded.