Dorsey GRANT et al.,
Plaintiffs-Appellants,

v.

Carol FLETCHER,
Defendant-Respondent.

No. 38962.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 11, 1978.

Morris B. Kessler, St. Louis, for plaintiffs-appellants.

Ervin D. Davis, Charles Schroeder, St. Charles, for defendant-respondent.

STEPHAN, Judge.

Plaintiffs appeal from the dismissal of their petition for failure to state a claim upon which relief can be granted. We reverse and remand.

In the case of a dismissal of a petition for failure to state a claim, the petition is to be construed favorably and the pleader given "the benefit of every reasonable and fair intendment in view of the facts alleged, and if the pleader's allegations invoke principles of substantive law which may entitle it to relief, the petition is not to be dismissed." *Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976); *Laclede Gas Company v. Hampton Speedway Company*, 520 S.W.2d 625, 629–630 (Mo.App.1975). In such light the facts alleged in the petition may be stated thusly: Defendant was employed as a court reporter by the Division of Workmen's Compensation of the Missouri Department of Labor and Industrial Relations. In such capacity, she recorded the testimony at hearings in cases in which each of the plaintiffs were claimants and received awards. In each case, the employer filed an application for review necessitating the preparation of a transcript of the testimony at the hearings. The defendant not only failed and refused to prepare such transcripts but concealed her records, requiring each of the plaintiffs to present his claim a second time at additional expense.

Defendant's conduct in this regard is alleged to have been willful, malicious, and in violation of certain statutes discussed *infra*. Plaintiff Grant seeks five hundred dollars as his "additional expense", one hundred dollars for the loss of use for three years of the money awarded to him, and ten thousand dollars as punitive damages. Plaintiff Blackwell seeks three hundred dollars as his "additional expense" and ten thousand dollars as punitive damages.

■ In dismissing the two-count petition,[1] the trial court found that there was no privity of contract between the defendant and either of the plaintiffs and, therefore, "no cause of action accrues to benefit of plaintiffs as a result of the alleged failure of defendant to transcribe said record." We do not believe that a contractual relationship, *vel non*, between a party to an administrative hearing and the court reporter who records the hearing is determinative of the issue at hand. Rather, we look to whether defendant owed plaintiffs a duty to prepare the transcripts when the necessity therefor arose and, if so, whether plaintiffs are accorded any redress for her willful refusal to do so. We believe such duty is imposed on defendant by statute and that willful refusal to discharge it, as alleged, is actionable.

Section 287.460, RSMo 1969, provided that the division of workmen's compensation shall hear evidence relating to claims upon which the parties cannot agree "through a referee", and that "[a]ll evidence introduced at any such hearings shall be reported by a competent reporter appointed by the division."[2] Sections 287.470 and 287.480 provide for rehearing and review by the Missouri labor and industrial relations commission. At such stage, "the commission has discretion to hear *further* evidence, if deemed proper." *Reece v. St. Joseph Lead Company,* 465 S.W.2d 849, 852

(Mo.App.1971) (emphasis added). However, the transcript of the proceedings at the initial hearing is an essential element of the record upon such rehearing or review as well as upon judicial review of the final award. With respect to judicial review, § 287.490 provides in part:

> "Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall under its certificate return to the court all documents and papers on file in the matter, *together with a transcript of the evidence,* the findings and award, which shall thereupon become the record of the cause." (Emphasis added.)

Absence of such transcript as part of the record warrants dismissal of an appeal as it is "essential". *Adams v. American Paving and Construction Company,* 488 S.W.2d 283 (Mo.App.1972). The foregoing demonstrates the absolute necessity for a transcript in a disputed case and underscores the helplessness of parties who find themselves situated as the plaintiffs in this case. The lack of privity between claimants and the reporter, relied on by the trial court to dismiss the petition, cannot be argued to absolve the reporter from any duty to the claimants, for such duty derives from the statutory machinery. Indeed, the only conceivable reason for the requirement that the evidence be "reported" is that it be transcribed should the need arise. The privity of employment contract implicit in the fact of a reporter's appointment by the division cannot be interpreted as a legislative fiat immunizing reporters from an action of this nature. On the contrary, we believe the purpose of the provision in question is to ensure the presence of a person, selected impartially, who will perform the tasks contemplated by the statutes.

■ There is no novelty to the concept that a public officer or employee who negli-

---

1. Each plaintiff's claim is stated separately in the counts. The propriety of such joinder is not questioned, and we do not decide it. See Rule 52.05 V.A.M.R.

2. By recent amendment, the reference to "a referee" in the section was changed to "an administrative law judge." Section 287.460 otherwise remains unchanged.

gently performs or refuses to perform a ministerial duty imposed on him by law can be made to respond in damages to one thereby injured. Noting this principle in *Smith v. Berryman,* 272 Mo. 365, 199 S.W. 165, 167 (Mo. banc 1917), the court said:

" . . . an action will lie against an officer whose duty it is to perform, but who refuses to perform a ministerial act. There can be no doubt upon this point, and no one would be so bold as to contend otherwise, especially in a case which does not call for the exercise of official discretion. If the rule were not so, no suit would lie against an officer upon his official bond by a citizen, injured by a failure to correctly or timely perform a ministerial duty."

In *State ex rel. City of St. Louis v. Priest,* 348 Mo. 37, 152 S.W.2d 109 (1941), suit was brought against a circuit court clerk for failure to issue executions on judgments obtained by the city. The court said, at 112:

"The clerk of a circuit court is an administrative officer, whose functions are largely ministerial in character. Where the law specifically enjoins upon him the performance of certain actions which he negligently performs, he is liable on his bond to the person injured by his negligence."

And in *McLallen v. Henderson,* 492 F.2d 1298 (8th Cir. 1974) it was held that, where a convicted felon had to wait for almost a year for the preparation of a transcript for use on appeal, he could maintain an action for damages against the court reporter. In reversing the action of the trial court which had dismissed because of the doctrine of judicial immunity, the court said at 1299–1300:

"This Court has held that court functionaries such as clerks are not clothed in

judicial immunity because their duties are ministerial, not discretionary, in nature. *Barnes v. Dorsey,* 480 F.2d 1057 (8th Cir. 1973). Judicial immunity is only granted to non-judicial officials who, like judges, must not be unduly inhibited to exercise discretionary authority by the constant fear of personal liability for damages. * * * Reporters are like clerks, in that their duties are ministerial in nature and thus are not protected by quasi-judicial immunity."[3]

We are not unaware of cases which have extended the protection of judicial immunity to court clerks and reporters simply by reason of such officers' titles. See, for example, *Davis v. McAteer,* 431 F.2d 81 (8th Cir. 1970) and *Stewart v. Minnick,* 409 F.2d 826 (9th Cir. 1969). Believing that the cases discussed above correctly articulate the law of this state, we decline to follow the others. Except for the most compelling reasons, we do not believe it appropriate to extend the doctrine of judicial immunity to one, like this defendant, whom the law accords a unique position from which to do harm to others.

Reversed and remanded for further proceedings consistent herewith.

STEWART, P. J., and REINHARD, J., concur.

---

**3.** In *McLallen,* the court noted that the reporter might be entitled to an absolute defense of "qualified immunity" if it were made to appear "that he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court and was not in derogation of those instructions or rules." Id. 1300. Defendant, of course, will have the same opportunity here on remand.