**Robert E. ODOM, Plaintiff,**

v.

**Linda M. WILSON, Defendant.**

No. C–3–81–015.

United States District Court,
S. D. Ohio, W. D.

June 26, 1981.

Robert Odom, pro se.

James Berry, Pros. Atty., Springfield, for defendant.

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE; CASE RECOMMITTED TO MAGISTRATE WITH INSTRUCTIONS TO TREAT SAME AS CIVIL RIGHTS ACTION UNDER § 1983; DEFENDANT ORDERED TO FILE MOTION FOR SUMMARY JUDGMENT WITHIN STATED PERIOD OF TIME

RICE, District Judge.

On January 14, 1981, plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against defendant Linda M. Wilson, a court reporter for the Court of Common Pleas for Clark County, Ohio, alleging that she deliberately altered portions of the transcript for his criminal trial to "water down" the *Allen* charge given to the jury by the trial judge. Plaintiff sought money damages and correction of the altered transcript.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to the United States Magistrate to hold hearings, receive evidence and report his recommended decision to the Court. *See*, doc. # 6, January 19, 1981. On February 4, 1981, Petitioner was informed that his purported Section 1983 claim was "more appropriately described as a habeas corpus action and was ordered to file the appropriate forms for habeas corpus action." *See*, doc. # 8. Although asserting that the action had been properly commenced pursuant to § 1983, and thus, disagreeing with the Magistrate's conclusion and order, plaintiff nonetheless timely filed the appropriate forms for habeas corpus relief. *See*, doc. # 9–10.

On May 6, 1981, the United States Magistrate filed a report and recommendation that plaintiff's habeas corpus action be dismissed on the ground that he had failed to exhaust his state remedies. *See*, doc. # 16. Therein, it was noted that "the case from which his Habeas Corpus Petition derives is pending before the Second District Court of Appeals of Ohio. Nothing has been presented to show that the state remedy is ineffective or inadequate." *Id.* at 1.

Thereafter, plaintiff timely filed a Motion to Review the Magistrate's Recommendation and Report. *See*, doc. # 18, June 12, 1981. In support thereof, plaintiff renews his objection to the conversion of his civil rights complaint into a petition for writ of habeas corpus. He contends that the original complaint presented a proper claim for relief under § 1983, and essentially, seeks to have said complaint reinstated.

■ Having reviewed the record, and for the reasons stated below, the Court concludes that plaintiff's original complaint states a cognizable claim for relief under 42 U.S.C. § 1983, and, therefore, should not have been converted, over plaintiff's objection, into a petition for writ of federal habeas corpus, for which no relief could be

granted, since plaintiff has not, as yet, exhausted his state remedies in connection with his criminal conviction.

█ Court reporters do not enjoy absolute immunity from suit under § 1983. In *McLallen v. Henderson*, 492 F.2d 1298, 1299 (8th Cir. 1974), appellant commenced a § 1983 action against a court reporter, alleging that the reporter had denied him "his right to the transcript [of his trial] for an unreasonable period of time, for which he should have money damages." The trial court granted the reporter's motion to dismiss "on the ground that the appellee was immune from suit under § 1983 because of the doctrine of judicial immunity." *Id.*

Rejecting the notion that court reporters are entitled to assert judicial immunity, the Court of Appeals reversed. The Court explained:

> [C]ourt functionaries such as clerks are not clothed in judicial immunity because their duties are ministerial, not discretionary, in nature. Judicial immunity is only granted to non-judicial officials who, like judges, must not be unduly inhibited to exercise discretionary authority by the constant fear of personal liability for damages. Applied to non-judicial officials, judicial immunity is termed quasi-judicial immunity and examples are prosecuting attorneys and parole board members. *Reporters are like clerks, in that their duties are ministerial in nature and thus are not protected by quasi-judicial immunity.*

*Id.* at 1299–1300 (citations omitted) (emphasis added).

The Court did, however, also conclude that court reporters and clerks might have an absolute defense to a § 1983 action, under a qualified immunity. "Such is the case where the . . . reporter can show that he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the Court and was not in derogation of those instructions or rules." *Id.* at 1300. On remand, the trial court was instructed to determine if the appellee-reporter had "properly raised and established" the elements of the qualified immunity defense. *Id.*

Relying in part on *McLallen*, the Fifth Circuit has also held that court reporters are not absolutely immune from suit under § 1983. In *Slavins v. Curry*, 574 F.2d 1256 (5th Cir. 1978), appellant filed a pro se complaint under § 1983, alleging that some 20 individuals, including two court reporters, had conspired and acted to deprive him of his constitutional rights. Like plaintiff in the case at bar, Slavins alleged that the two court reporters had altered the transcript of his criminal trial. *Id.* at 1265. The Court of Appeals rejected the trial court's contention that these defendants were "clothed with judicial immunity." *Id.* The Court continued:

> Whether the court reporters are entitled to raise a defense of qualified immunity depends upon whether they "can show that [they were] acting pursuant to [their] lawful authority and following in good faith the instructions or rules of the Court and [were] not in derogation of those instructions or rules.

*Id.* at 1265–66, *quoting*, *McLallen v. Henderson, supra.*

Viewed in light of the above authorities, it appears to the Court that the allegation of plaintiff's original complaint, that defendant deliberately altered the transcript of his criminal trial, by watering down the trial judge's *Allen* charge, does set forth a cognizable claim upon which relief can be granted under § 1983. Whether defendant is entitled to assert a qualified immunity defense is an issue not currently before the Court, nor is it an issue that can be resolved on the basis of the present record.

█ The Court expresses no view whatsoever regarding the merits or ultimate outcome of this matter. However, because the Court is unaware of any authority which requires a prisoner, who brings a civil rights action arising in connection with his original case, to convert said action into a petition for writ of habeas corpus, and because no reason for so doing is set forth by the Magistrate, the Court concludes that plaintiff's motion to review the Magistrate's re-

port and recommendation is well taken and same is, therefore, sustained. The Court hereby rejects said report in its entirety on the ground that plaintiff should have been permitted to proceed and have this matter considered in the posture in which it was filed, that is, as a civil rights complaint under § 1983, and should not have been ordered to convert said matter into a petition for writ of federal habeas corpus, especially when it became apparent by plaintiff's own candid admission that his failure to exhaust his state remedies would render such relief inappropriate.

Based on the foregoing, the Court, having rejected the report and recommendation of the United States Magistrate, does hereby recommit this matter to him, pursuant to 28 U.S.C. § 636(b)(1), with instructions that same be treated in the manner originally filed, that is, as a civil rights action under § 1983. The Court also directs defendant to file a motion for summary judgment, together with appropriate supporting materials, within twenty (20) days of date of this decision and entry.