551 F.Supp. 325 (1982)
Burton Donald WOODS, Plaintiff,
v.
Jack DUGAN, Defendant.
No. 81-531C(1).
United States District Court, E.D. Missouri, E.D.
November 10, 1982.
*326 James M. Smith, St. Louis, Mo., appointed, for plaintiff.
Thomas W. Wehrle, St. Louis County Counselor, Donald Weyerich, Sp. Asst. County Counselor, Clayton, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon defendant's motion to dismiss, which pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, has been converted into a Rule 56 motion for summary judgment. The Court has considered defendant's affidavit in support of his motion as well as plaintiff's affidavit in opposition. After reviewing the respective affidavits, as well as the applicable law, the Court concludes that no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law.
Plaintiff was convicted in St. Louis Circuit Court, Division 2, on March 12, 1980. On August 5 and August 27, 1980 plaintiff Woods ordered a transcript of the ten day trial from Official Court Reporter Jack Dugan. During the next eleven months, defendant Dugan received from the Missouri Supreme Court two extensions of time to produce the requested transcript. The instant action was instituted on May 11, 1981. The transcript in question was apparently delivered to plaintiff on July 30, 1981. Plaintiff contends defendant's delay in producing the transcript amounts to a deprivation of his civil rights under 42 U.S.C. § 1983. Jurisdiction is predicated upon 28 U.S.C. § 1343 and 42 U.S.C. § 1983.
In his affidavit, defendant maintains the extensions granted by the Missouri Supreme Court were for good cause. Defendant states the delay was occasioned by "other professional demands" and that he spent "substantial amounts of uncompensated, off-duty time" preparing the transcript. Defendant contends that the transcript was produced as quickly as circumstances would allow. According to defendant, plaintiff's counsel was aware of these factors and acquiesced in the extensions.
Plaintiff's affidavit is a more detailed exposition of the time scheme described above. Plaintiff does contend that his attorney did not assent to defendant's delays. Plaintiff also observes that defendant did not alert "proper administrative agents to the scope of his court docket control problems or overburdened work load, and furthermore, he never requested assistance or the appointment of additional court reporters to aid him."
Court reporters enjoy a qualified immunity for deprivations caused in the scope of their employment. McLallen v. Henderson, 492 F.2d 1298, 1300 (8th Cir.1974). A court reporter's qualified immunity attaches when the reporter can show "he was acting pursuant to his lawful authority and following in good faith the instructions or rules of the court and was not in derogation of those instructions or rules." Id. Plaintiff must show that defendant acted improperly and that such illegal acts harmed plaintiff. Barnes v. Dorsey, 480 F.2d 1057, 1060 (8th Cir.1973).
It is debatable whether an eleven month delay in producing a transcript rises to the level of a constitutional deprivation. See Carter v. Thomas, 527 F.2d 1332 (5th Cir.1976); McLallen, 492 F.2d at 1299. Moreover, it is unclear whether plaintiff has suffered any damage as a result of the delay. If these were the only issues presented, then summary judgment might be inappropriate. However, the issue is not only whether the eleven month delay constitutes a violation of 42 U.S.C. § 1983, but is also whether defendant maintains a qualified immunity for any purported harm engendered by the delay. On this issue, the Court believes no material issue of fact exists. Defendant's affidavit establishes that defendant was working on court business *327 throughout the eleven month period. Defendant's affidavit also shows that the delays were twice sanctioned or at least excused by the Missouri Supreme Court. In short, defendant's affidavit demonstrates that he was acting according to the court's rules and instructions and with the court's approval.
On the other hand, plaintiff's affidavit fails to controvert any of the elements of defendant's qualified immunity defense. Plaintiff has not shown how or in what instances defendant deviated from the rules and instructions of the court in the preparation of the Woods' transcript. Defendant's affidavit clearly shows that he was diligently working within the given time constraints to complete the transcript. No showing of animus has been made or can be inferred from plaintiff's affidavit. Plaintiff has argued that a material issue of fact has been raised by defendant's failure to petition the court for assistance with his work load. This Court can find no authority for such a requirement.
The Court recognizes that summary judgment is a radical remedy which should be employed only when there is no doubt as to a factual issue. In the case at bar, the parties' affidavits leave only one conclusion: that defendant was acting under the authority of the court in the preparation of plaintiff's transcript. Notwithstanding plaintiff's allegations, the extensions defendant received from the Missouri Supreme Court were not conditioned on his employment of extra court reporters. Moreover, it would be speculative to draw any inference of bad faith from defendant's failure to employ extra court reporters. See Tyler v. Vickery, 521 F.2d 815 (5th Cir.1975), cert. denied 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976). Indeed, one can only draw an inference of good faith from the extensions granted by the Missouri Supreme Court. Finally, the fact that plaintiff's counsel did or did not agree to said extensions does not raise a material issue of fact as to defendant's good faith. Accordingly, the Court will enter summary judgment in favor of defendant.