**Rickey HOLT, Appellant,**

v.

**Randy DUNN, Official Court Reporter, Circuit Court of St. Charles County, St. Charles, Missouri, Appellee.**

**No. 84–1062–EM.**

United States Court of Appeals, Eighth Circuit.

Submitted July 2, 1984.

Filed Aug. 21, 1984.

John Ashcroft, Atty. Gen., David C. Mason, Atty. Gen., Jefferson City, Mo., for appellee.

Rickey Holt, pro se.

Before HEANEY, John R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Rickey Holt appeals from the district court's grant of summary judgment in favor of court reporter Randy Dunn. Holt filed this section 1983 suit against Dunn based upon a delay in the preparation of Holt's trial transcript. We affirm.

Holt appealed from his criminal conviction in April 1981. The parties dispute the date that Holt first requested a transcript of the trial proceeding. According to Holt and his prison legal advisor, Melvin Tyler, Tyler sent Dunn approximately a dozen letters requesting Holt's transcript beginning in July 1981. Dunn states in his affidavit that he first received a request for Holt's trial transcript from Holt's appointed counsel between April 27, 1982 and May 5, 1982.

Subsequent facts about the delayed preparation of the transcript are undisputed. In September and December 1982, Dunn prepared statements supporting Holt's request for extension of time for preparation of the appeal. Dunn stated that the demands of his other work had prevented completion of Holt's transcript. Based on Dunn's statements, the Missouri Court of Appeals granted Holt four extensions of time. The transcript was completed in early 1983 and Holt's appeal is now pending.

Dunn's affidavit stated that he worked full-time preparing transcripts, and prepared transcripts in the order requests were received. Dunn prepared five transcripts prior to preparing Holt's transcript.

The district court granted Dunn's motion for summary judgment based on the qualified immunity that attaches when court reporters are acting within their lawful authority and comply with applicable court rules. This court has held that qualified immunity protects court reporters who act pursuant to their lawful authority and follow in good faith the instructions or rules of the court. *McLallen v. Henderson*, 492

F.2d 1298, 1300 (8th Cir.1974). *See also Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir.1983); *Briscoe v. LaHue*, 663 F.2d 713, 722 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Rheuark v. Shaw*, 628 F.2d 297, 305 (5th Cir.1980), *cert. denied*, 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981); *Woods v. Dugan*, 551 F.Supp. 325, 326 (E.D.Mo.1982).

Dunn acted within his legal authority in fulfilling transcript requests in the order received and in preparing the transcript as he did at the request of Holt's attorney under the Missouri rules. *See* Mo.Sup.Ct. Rules of Crim.P. 30.04(c) and (f); Special Rules of the Missouri Court of Appeals for the Eastern District, C.02. Because qualified immunity protects court reporters under the circumstances of this case, the district court properly found that there was no material issue of fact and properly granted summary judgment.

Accordingly, the judgment of the district court is affirmed.