Jerry Wayne SMITH, Appellant,

v.

Robert ERICKSON, Warden; Helene Haworth, Mailroom Officer; Richard Craven; Rudy Kohler; Robert L. Aufderhar; James J. Ryan; Harold C. Hansen; and Tim Scott, Appellees.

Jerry Wayne SMITH, Appellant,

v.

Rudy KOLI; Robert Erickson, Warden; Helene Haworth; and Dick Craven, Appellees.

Nos. 89–5012, 89–5013.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 11, 1989.

Decided Sept. 11, 1989.

Jerry Wayne Smith, pro se.

Richard L. Varco, Jr., St. Paul, Minn., and Patricia R. Cangemi, Minneapolis, Minn., for appellees.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Jerry Wayne Smith, a prisoner at the Minnesota Correctional Facility,[1] appeals pro se from two final orders entered in the District Court for the District of Minnesota dismissing, for failure to state a claim, his civil rights action alleging that he was denied access to the courts and that prison officials were retaliating against him for pursuing legal actions. For the reasons discussed below, we reverse and remand the cases for further consideration by the district court.

Around February 25, 1988, Smith (a Kansas prisoner transferred to Minnesota pursuant to the Interstate Corrections Compact) submitted a 42 U.S.C. § 1983 complaint and a motion for a temporary restraining order to the district court in Minnesota. Several weeks later Smith learned that the documents had not been filed. After attempting to locate the documents through contacts with deputy district court clerk Tim Scott and others, Smith "reconstructed" his complaint and on May 23, 1988, filed a new complaint. Summons was issued. On June 13, 1988, the original complaint and motion were filed without explanation for the filing delay. The complaints are related and were considered together by the district court.

Smith's pro se pleadings may be fairly read as alleging that (1) the prison's policy of not supplying indigent inmates, including himself, with free postage and writing supplies for legal correspondence is facially unconstitutional because it impedes meaningful and adequate access to the courts; (2) the policy requiring indigent inmates to use for their legal correspondence only envelopes purchased from the prison canteen is unconstitutional both facially, because it impedes access to the courts, and as applied, because it is enforced against Smith in retaliation for his exercising his right to petition the courts; (3) both policies are illegal as applied to him because they violate rights he retains as a transferred Kansas prisoner under the Interstate Corrections Compact;[2] (4) deputy district court clerk Scott intentionally denied him access to the courts by not filing the complaint Smith submitted in February 1988 and by lying to him regarding its whereabouts; and (5) defendants have conspired to deny him access to the courts.

As supporting facts, Smith alleged *inter alia* that when he initially arrived at the prison, he brought with him a quantity of large manila envelopes (similar to those from the prison canteen) which he was allowed to keep and which he used for his legal correspondence for almost two years without incident. On February 16, 1988, however, defendant Haworth, the mail room officer, refused to mail two of his envelopes because they were unauthorized, i.e., not purchased from the prison canteen. Smith alleged he had informed Haworth they contained legal correspondence which had to be postmarked that day in order to meet court deadlines; the documents included a petition to the United States Su-

---

**1.** Smith is presently an inmate at Lino Lakes, but he was an inmate at Stillwater when he commenced this action.

**2.** Smith alleged that under Kan.Admin.Reg. 44–12–601(n), Kansas prison facilities are required, with exceptions not applicable here, to provide reasonable amounts of free paper and envelopes and to pay all postage for legal mail. The Interstate Corrections Compact, Minn.Stat. § 241.29, Art. IV(e), provides that "[t]he fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state."

preme Court for writ of certiorari. When Smith tried the next day to mail the same envelopes, Haworth gave him a direct order to use only canteen envelopes and informed him that unless he complied she would not mail his legal correspondence. The warden's office later directed Haworth to mail the rejected envelopes, but Smith's petition to the Supreme Court was subsequently returned to him because it was untimely filed.

On February 24, 1988, Smith again sent one of his personal manila envelopes containing legal correspondence to the mail room; the mail was confiscated and Smith received a disciplinary report for disobeying a direct order. He was immediately placed in pre-hearing detention in the segregation unit for six days. He alleged that the segregation order was based on falsified reasons and was not reviewed within twenty-four hours per prison regulations; prison officials knew the minor nature of the charged offense did not warrant segregation; the direct order, disciplinary report, and segregation were in retaliation for his exercising his right of access to the courts; and while he was in segregation, officials refused him access to legal documents in his living quarters, causing him to miss the final deadline of February 29 for filing his brief in the Kansas Court of Appeals. As additional evidence that officials enforced the prison-canteen-only-envelope policy in a retaliatory manner, Smith alleged that he gave some of his personal manila envelopes to other inmates who did not encounter difficulty in mailing them.

Smith sought to have defendants enjoined from enforcing their prison-canteen-only-envelope policy, refusing to mail his legal correspondence, refusing to supply him with free postage and envelopes for legal correspondence, and retaliating against him. He also sought compensatory and punitive damages, as well as a declaratory judgment that the acts complained of violated his constitutional rights.

The prison official defendants moved for dismissal of the complaint under Fed.R. Civ.P. 12(b)(6) or, to the extent the court considered matters outside the pleadings,

for summary judgment under Rule 56. Defendant Scott made a similar motion for dismissal or summary judgment, accompanied by his affidavit asserting he had attempted through normal procedures to assist Smith in locating his file. Smith filed additional documents to support his claim of ongoing retaliation by the prison official defendants and a motion for an evidentiary hearing. The district court referred the matter to a magistrate and then dismissed the complaint based on the magistrate's report and recommendation, which stated that "[n]o matters outside the pleadings have been either submitted or considered." Report and recommendation, slip op. at 3. These appeals followed and have been consolidated.

■ The facial validity of a prison regulation which impinges on an inmate's constitutional rights turns on whether the regulation is "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) (*Safley*). Factors relevant to this determination include: (1) whether the governmental objective is legitimate and neutral and the restriction has a rational connection to the asserted goal; (2) whether alternative means of exercising the right remain open to inmates; (3) whether accommodation of the asserted right will significantly affect guards, other inmates, and the allocation of prison resources; and (4) whether ready alternatives to the restriction are unavailable. *Id.* at 89–91, 107 S.Ct. at 2261–62. *See also Thornburgh v. Abbott,* —— U.S. ——, 109 S.Ct. 1874, 1882–84, 104 L.Ed.2d 459 (1989).

In this case, without any indication from the prison officials as to the governmental interest served, the district court concluded that the purpose of the challenged policies was to insure prison security, order, and discipline, which are accepted as legitimate interests. Without explicitly considering the "reasonableness" factors outlined in *Safley,* the district court further concluded that the policies were within constitutional bounds and the complaint therefore failed to state a claim. We disagree.

■ Contrary to the district court's analysis, *Gaines v. Lane*, 790 F.2d 1299 (7th Cir.1986) (*Gaines*), supports Smith's position that the prison may not constitutionally refuse to provide *any* free postage or supplies to indigent inmates for their legal mail. In *Gaines*, the Seventh Circuit recognized that prisoners have no right to unlimited free postage, but stated " '[i]t is indisputable that indigent inmates must be provided at state expense' with the basic material necessary to draft legal documents and with stamps to mail them." *Id.* at 1308, *citing Bounds v. Smith*, 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). *Kaestel v. Lockhart*, 746 F.2d 1323 (8th Cir.1984) (per curiam), also relied upon by the district court, concerned regulation of nonlegal mail; the prisoner did not assert denial of access to the courts. Accordingly, we conclude the district court erred in dismissing Smith's claim that the no-postage policy was facially unconstitutional.

■ We believe the claims as to the prison-canteen-only-envelope policy should also have survived a motion to dismiss. Defendants advanced no specific penological interest to support the policy's facial validity, and Smith's claim that the policy has been applied to him in a retaliatory manner was not adequately addressed. *See Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir.1986) (per curiam) (actions in retaliation for filing lawsuits violate inmate's right of access to courts); *Freeman v. Blair*, 793 F.2d 166, 178 (8th Cir.1986) (otherwise proper acts are actionable under 42 U.S.C. § 1983 if done in retaliation for exercise of constitutionally protected right), *vacated on other grounds*, 483 U.S. 1014, 107 S.Ct. 3254, 97 L.Ed.2d 754 (1987).

■ Also not addressed was Smith's claim that the prison cannot legally deny him reasonable amounts of free paper, envelopes and postage for legal mail because his right to those things as a Kansas prisoner accompanied his transfer to the Minnesota prison under the terms of the Interstate Corrections Compact. Upon remand, the district court should consider this claim. *See Cameron v. Mills*, 645 F.Supp. 1119, 1126–28 (S.D. Iowa 1986) (discussing conflicting views on whether compact violation would state section 1983 claim).

■ Finally, the district court should also consider whether Smith stated a *Bivens*-type[3] claim against deputy district court clerk Scott. Smith alleged that Scott, acting under color of federal law, impeded his access to the courts by intentionally delaying for several months the filing of his original complaint and by lying to him about its whereabouts, even though he had asked Scott for prompt attention because his other ongoing litigation had been adversely affected by the very action cited in the original complaint. Scott's alternative motion for dismissal or summary judgment asserted, *inter alia*, insufficiency of process and service of process, but it appears from the record that Scott was served on May 24, 1988. *Smith v. Erickson*, No. CIV–4–88–433 original file, doc. # 4 (D.Minn.). We note, however, that the filing of complaints and other documents is an integral part of the judicial process and that Scott would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks. *See, e.g., Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.1987) (bankruptcy court clerks), *cert. denied*, —— U.S. ——, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988); *cf. Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir.1988) (state court deputy clerk); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir.) (state court clerk), *cert. denied*, 484 U.S. 847, 108 S.Ct. 143, 98 L.Ed.2d 99 (1987).

Accordingly, we reverse the orders of the district court dismissing Smith's complaints for failure to state a claim and remand for further proceedings. We express no opinion on the merits of Smith's claims.

---

**3.** *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).