Robert Kent SMITH, Appellant,

v.

Alex TANDY; Johanna D. Limato and Joyce Tarcza, individually and d/b/a J & J Court Transcribers; and Deborah Carter, Appellees.

No. 89–5291.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided March 1, 1990.

Robert Kent Smith, pro se.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Robert Kent Smith appeals pro se from the order of the District Court[1] for the District of Minnesota granting summary judgment in favor of appellee Beatrice Creamer, a certified transcriber. We affirm.

Smith is serving a sentence imposed upon a jury conviction of five counts involving counterfeit currency. The convictions were affirmed on direct appeal. *See Smith v. United States*, 815 F.2d 711 (8th Cir. 1987) (unpublished per curiam) (table).

Smith, pro se, filed suit against numerous defendants including Alex Tandy, Smith's appointed trial counsel; Beatrice Creamer, a certified transcriber; and J & J Court Transcribers (J & J), Creamer's employer. Smith alleged, inter alia, that Creamer transcribed the electronic recording of his trial and, in so doing, omitted the court's remark to the jury that "defendants can't make deals with the government." Smith claimed that Creamer's omission deprived him of his statutory right to an accurate and verbatim record of all trial proceedings pursuant to 28 U.S.C. § 753(b), and that defendants' combined efforts "highly prejudiced" him. Smith sought declaratory and injunctive relief, and compensatory and punitive damages.

■ The district court granted Creamer's motion for summary judgment on the ground of qualified immunity. *See Holt v.*

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

*Dunn,* 741 F.2d 169, 170 (8th Cir.1984) (per curiam) (court reporters enjoy qualified immunity from civil actions for damages caused by acts within the scope of their employment). The district court subsequently certified the order under Fed.R. Civ.P. 54(b) as immediately appealable.

In this timely appeal, Smith argues that the district court erred in granting summary judgment in favor of Creamer inasmuch as the defendants had not properly answered his complaint, and J & J had not answered his interrogatories; no defendant should "be given the pleasure of qualified immunity before properly and fully responding to the complaint"; there is a genuine issue of material fact as to whether Creamer was aware of the allegedly deleted portion of the transcript; and "the facts ... were never developed by the lower court."

To preclude the entry of summary judgment, it is incumbent upon the nonmoving party to make a sufficient showing on every essential element of the case on which that party bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Upon careful review, we hold that the district court properly granted summary judgment in favor of Creamer based on qualified immunity.

Accordingly, the district court order is affirmed. *See* 8th Cir.R. 14. Smith's motion for default is denied.