USCA1 Opinion

 

 June 18, 1992 [NOT FOR PUBLICATION] ___________________ No. 91-2235 MICHAEL B. FORTE, Plaintiff, Appellant, v. JANIS SULLIVAN, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ___________________ Michael B. Forte on brief pro se. ________________ Scott Harshbarger, Attorney General, Massachusetts, and Mary _________________ ____ E. McLaughlin, Assistant Attorney General, Department of the _____________ Attorney General, on brief for appellees. __________________ __________________ Per Curiam. The appellant, Michael Forte, was convicted __________ of a crime, not identified in the record, after a trial in a state court in Massachusetts. He sued Janis Sullivan, the court reporter who prepared the transcript of the trial, alleging that Sullivan had deprived him of due process and equal protection of law, in violation of 42 U.S.C. 1983, by producing a transcript that was "grossly," "materially" and "substantially" altered in some otherwise-unspecified manner. The district court initially dismissed Forte's complaint as frivolous under 28 U.S.C. 1915(d), but after we remanded the matter for further consideration, Forte v. Sullivan, 935 _____ ________ F.2d 1 (1st Cir. 1991) (per curiam), the district court granted Sullivan's motion to dismiss on the ground that "a court reporter's judicial acts are protected by [absolute] quasi-judicial immunity," and "the production of the transcript of a trial record is basic and intrical [sic] to the judicial process and thus constitutes [a] judicial act[]." This appeal followed. We need not decide whether the district court correctly determined that a court reporter is entitled to absolute immunity from a lawsuit alleging that she altered a trial transcript. Compare Scruggs v. Moellering, 870 F.2d 376, 377 _______ _______ __________ (7th Cir. 1989) (absolute immunity) with Green v. Maraio, 722 _____ ______ F.2d 1013, 1018-19 (2d Cir. 1983) and Slavin v. Curry, 574 ______ _____ F.2d 1256, 1265 (5th Cir. 1978) (qualified immunity). -2- "Courts of appeals can affirm on any ground presented by the record." Acha v. United States, 910 F.2d 28, 30 (1st Cir. ____ _____________ 1990). See also Doe v. Anrig, 728 F.2d 30, 32 (1st Cir. ________ ___ _____ 1984). Here, the defendant twice moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motions gave Forte "adequate warning that [his complaint was] vulnerable to dismissal" under Rule 12(b)(6), "and time to defend . . . or amend" it. Pavilonis v. King, 626 F.2d 1075, 1078 n.6 _________ ____ (1st Cir. 1980). Sullivan's first motion to dismiss, for example, argued that the complaint was defective because it did not allege "the manner in which the trial record was altered or grossly altered, or how any of the alleged acts or omissions of the Defendant Sullivan deprived the Plaintiff of any substantive or procedural due process or equal protection rights." The inadequacy of the complaint could hardly have been more concisely summarized, yet Forte took no action in response. Four weeks later, it is true, he did amend his complaint, but only to name Sullivan as a defendant in her individual (as oppposed to her official) capacity. The amendment did nothing to remedy the factual deficiency identified by Sullivan in her motion to dismiss. The district court thus could have dismissed with prejudice for failure to state a claim, for even pro se ______ "[c]omplaints based on civil rights statutes must do more -3- than state simple conclusions; they must at least outline the facts constituting the alleged violation." Pavilonis v. _________ King, 626 F.2d at 1078 (quoting Fisher v. Flynn, 598 F.2d ____ ______ _____ 663, 665 (1st Cir. 1979)). This basic principle has particular application in lawsuits against judicial adjuncts like court reporters, who by virtue of their position may be exposed to an "avalanche of suits, most of them frivolous but vexatious," Forrester v. White, 484 U.S. 219, 226 (1988), _________ _____ brought by disgruntled litigants. Section 1983, moreover, requires plaintiffs to show the deprivation of some federal statutory or constitutional right. "No [such] right exists to an absolutely accurate trial transcript." Burrell v. Swartz, 558 F.Supp. 91, 92 _______ ______ (S.D.N.Y. 1983). Cf. Gregg v. Barrett, 771 F.2d 539, 546 ___ _____ _______ (D.C.Cir. 1985) (no constitutional right to "a verbatim transcript of the proceedings of Congress"). At minimum, a criminal defendant like Forte states a viable civil rights claim against a court reporter only where he specifically alleges that the reporter has altered the trial record in a manner that prejudiced his direct appeal, see, e.g., Odom v. _________ ____ Wilson, 517 F.Supp. 474, 475 (S.D.Ohio 1981) (plaintiff ______ stated claim where he alleged that reporter had altered transcript to "water down" instruction given to jury by state trial judge, and instruction given might have constituted reversible error), or caused him some other recognizable -4- harm. Where, on the other hand, the complaint fails to identify an injury which could have been caused by the alleged alteration, it does not state a claim under Section 1983. See, e.g., Colyer v. Ryles, 827 F.2d 315 (8th Cir. __________ ______ _____ 1987) (finding that complaint against court reporter was frivolous where injuries alleged were adverse judicial decisions made in reliance on purportedly altered transcript, and complaint revealed that transcript did not even exist at time of adverse decisions, so that alterations could not have caused injury). See also United States v. Carrillo, 902 F.2d ________ _____________ ________ 1405, 1409 (9th Cir. 1990) (where court reporter fails to produce complete transcript of trial proceedings, "some prejudice to the defendant must occur before reversal will be contemplated"). Measured by these standards, Forte's complaint was fatally inadequate. It said only that the transcript "is substantially and materially altered," and later on, that the "trial record is grossly altered." But Forte neither gave any details of the alleged alterations nor described how they might have caused him prejudice, and his resort to intensifiers such as "grossly" and "materially" did not bridge the factual gap. The complaint failed to identify an injury of constitutional or statutory dimension, and did not state a claim upon which relief could be granted under 42 U.S.C. 1983. -5- Affirmed. ________ -6-