Ronald L. BOYER, formerly doing
business as Boyer's Legal
Service, Appellee,

v.

COUNTY OF WASHINGTON; City of Potosi; Candice Cooper; Clinton Roberts; M. Jack Davis; Steven J. "Sunny" Richards; Robert Jacobsen; Randy Frazier; Defendants,

Ruth DeClue; Appellant,

Roy Logsden; Frank Ciliberto; Phyllis Fryman; Honorable Stanley Murphy; Honorable Kenneth Pratt, Defendants.

No. 91–3048.

United States Court of Appeals,
Eighth Circuit.

Submitted April 28, 1992.

Decided July 10, 1992.

Rehearing and Rehearing En Banc
Denied Aug. 20, 1992.

Bruce Farmer and June Striegel Doughty, Jefferson City, Mo. (argued), for appellant.

Ronald L. Boyer, pro se.

Before BOWMAN, MAGILL, BEAM, Circuit Judges.

PER CURIAM.

Ruth DeClue appeals from the district court's order denying her motion for summary judgment on the ground of immunity. We reverse.

Ronald Boyer filed a 42 U.S.C. § 1983 complaint against various Missouri and Washington County officials, including DeClue, the former Deputy Circuit Clerk of the Circuit Court of Washington County. Boyer alleged that on September 23, 1988,

DeClue signed and issued a warrant for his arrest for the unauthorized practice of law, upon receipt of an information from the county prosecutor, without a prior judicial finding of probable cause as required by Missouri Rule of Criminal Procedure 21.-05 [1] and the Fourth Amendment. Pursuant to the warrant, Boyer was arrested and temporarily detained at the Washington County Jail. On October 3, Boyer moved to quash the arrest warrant on the ground that it was issued by the clerk rather than a judge. Circuit Judge Stanley Murphy granted the motion, quashed the warrant, and issued a new one. Ultimately, the State dismissed the charge against Boyer.

DeClue moved for summary judgment, arguing, inter alia, that she was entitled to absolute quasi-judicial immunity. DeClue submitted an affidavit, stating that upon receipt of the misdemeanor information from the prosecutor, she telephoned Judge Murphy for instructions. DeClue asserted that the judge told her to sign and issue an arrest warrant. DeClue also submitted Judge Murphy's affidavit in which he stated that he had read DeClue's affidavit, and to the best of his knowledge, it accurately described their telephone conversation.

In response, Boyer asserted that DeClue did not act pursuant to Judge Murphy's instructions and, thus, was not entitled to immunity. He submitted a transcript of the motion hearing during which Judge Murphy asked the prosecutor whether a judge had been consulted on the probable cause aspect of the warrant. The prosecutor responded that the warrant had been issued by the clerk, and Judge Murphy therefore quashed the warrant.

1. Rule 21.05 provides: "Upon the filing of a complaint and a finding by the court that sufficient facts have been stated therein to show probable cause that a misdemeanor has been committed, the court may issue a warrant for the arrest of the defendant."

2. We reject this argument. Contrary to De-Clue's contention, the law is clearly established that "under the Fourth Amendment a warrant can be validly issued only by a 'neutral and detached magistrate.'" *Fairchild v. Lockhart,* 675 F.Supp. 469, 477 (E.D.Ark.1987) (quoting

The magistrate judge recommended granting DeClue's motion for summary judgment, concluding that court clerks are absolutely immune from liability for damages under section 1983 for acts they are required to perform at a judge's direction, *see Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir.1988), and the record established that DeClue signed and issued the warrant pursuant to Judge Murphy's order. Boyer objected to the magistrate judge's report and recommendation, arguing that the transcript raised a genuine issue of fact as to whether DeClue acted pursuant to the judge's instructions. The district court agreed, and denied DeClue's motion.

 On appeal, DeClue argues that she is entitled to absolute quasi-judicial immunity for signing and issuing the arrest warrant because these acts are integrally related to the judicial process. Alternatively, she contends there is no genuine issue of fact as to whether she acted pursuant to Judge Murphy's instructions. Finally, De-Clue asserts that notwithstanding any factual dispute, she is entitled to qualified immunity because the law is not clearly established that the Fourth Amendment requires determination of probable cause before an arrest warrant may issue.[2] Boyer argues that this court lacks jurisdiction over the appeal; that if jurisdiction exists, review is limited to determining whether the district court abused its discretion by denying DeClue's motion; and that the district court correctly denied DeClue's motion. Boyer has also moved to strike portions of DeClue's brief and appendix that refer to his past criminal convictions and his litigation history.[3]

*Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958)), *aff'd,* 857 F.2d 1204 (8th Cir.1988), *cert. denied,* 488 U.S. 1051, 109 S.Ct. 884, 102 L.Ed.2d 1007 (1989); *see also Crane v. Texas,* 759 F.2d 412, 426 (5th Cir.), *modified,* 766 F.2d 193 (5th Cir.) (per curiam), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985); *In re Harris,* 593 S.W.2d 517, 517 (Mo. banc 1979) (per curiam).

3. He contends these matters are irrelevant to the merits of this appeal. We agree and grant the motion. *See Haley v. Dormire,* 845 F.2d 1488, 1491 (8th Cir.1988).

■ Boyer's jurisdictional argument is meritless. "[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Likewise, because qualified immunity is "an *immunity from suit* rather than a mere defense to liability," the denial of a claim of qualified immunity is also immediately appealable. *Id.* at 526–27, 105 S.Ct. at 2815–16. Moreover, this court has already denied Boyer's motion to dismiss the appeal for lack of jurisdiction. *Boyer v. DeClue,* No. 91–3048 (8th Cir. Dec. 5, 1991).

We also reject Boyer's contention regarding the proper standard of review. "We review the district court's denial of summary judgment under the same standard as that the district court applied to the motion." *Johnson v. Hay,* 931 F.2d 456, 460 (8th Cir.1991). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

■ DeClue maintains that she is entitled to absolute quasi-judicial immunity. In *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir.1989), which involved a *Bivens* claim against a federal court clerk for allegedly losing a prisoner's section 1983 complaint and lying to the prisoner regarding its whereabouts, this court observed that "the filing of complaints and other documents is an integral part of the judicial process and [the clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks." *See also Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir.1970).[4] *Smith* adopted the position taken by the Ninth Circuit in *Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988), that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," unless the clerks acted "in the clear absence of all jurisdiction."

Based on *Smith* and *Mullis,* we agree that DeClue is entitled to absolute immunity for signing and issuing the arrest warrant regardless of whether Judge Murphy instructed her to do so because these acts are integral parts of the criminal judicial process. *See Burns v. Reed,* —— U.S. ——, ——, 111 S.Ct. 1934, 1942, 114 L.Ed.2d 547 (1991) ("issuance of a search warrant is unquestionably a judicial act"). Although court clerks are not authorized by state law to issue misdemeanor arrest warrants, they are permitted to sign such warrants. *See* Mo.R.Crim.P. 21.07(b)(6). Thus, while DeClue exceeded her authority when she issued the warrant, she did not act in the complete absence of all jurisdiction. She is therefore entitled to quasi-judicial immunity for issuing the warrant. *See Mullis,* 828 F.2d at 1390. Because DeClue is protected by absolute immunity, we do not address her claim that the district court erred by concluding a genuine issue of fact existed as to whether she issued the warrant at Judge Murphy's direction.

Accordingly, we reverse the district court's order denying DeClue's motion for

---

**4.** Boyer contends court clerks are protected by qualified immunity only and cites as support *McLallen v. Henderson,* 492 F.2d 1298 (8th Cir. 1974). We disagree. *McLallen* was a section 1983 case against a court reporter for allegedly denying the plaintiff his trial transcript for an unreasonable time. The court rejected the court reporter's claim of absolute judicial immunity, holding that the reporter had only qualified immunity. *Id.* at 1300. In reaching this conclusion, the court stated, "court functionaries such as clerks are not clothed in judicial immunity." *Id.* at 1299. This statement was not necessary to decide the issue in the case and is not binding authority here. Additionally, *McLallen* cited *Barnes v. Dorsey,* 480 F.2d 1057 (8th Cir.1973) (per curiam), to support this statement. In *Barnes,* however, the court held that the plaintiff had failed to allege any facts to support a section 1983 claim against a state court clerk, and thus, there was no need to address the immunity issue. *Id.* at 1060. Moreover, neither *McLallen* nor *Barnes* cited *Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir.1970), in which this court explicitly held, "clerks of court are entitled to immunity the same as judges."

summary judgment and grant Boyer's motion to strike.