60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Wendell R. AYERS, Appellant,
v.
Vera REYNOLDS, Clerk, Lincoln County, Arkansas, Appellee.
 No. 94-4124
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1995
Filed: June 30, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wendell R. Ayers appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing without prejudice his 42 U.S.C. Sec. 1983 action against Vera Reynolds, the clerk of the circuit court of Lincoln County, Arkansas, in her individual and official capacities, and Lincoln County, as frivolous pursuant to 28 U.S.C. Sec. 1915(d). For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 Ayers, a prison inmate, alleged that Reynolds failed to timely file a state court judge's order and to transmit the certified record in his state court petition for habeas corpus to the state appellate court. According to the complaint, Ayers's state habeas petition was denied on May 16, 1994. He timely appealed. The state court judge ordered the certified record prepared at state expense and provided to Ayers. On August 4, 1994, the state court judge extended the time for filing the certified record. However, this order was not filed until October 24, 1994; the next day the certified record was transmitted to the state appellate court. Several days later, Ayers received notification that his appeal had been dismissed because the certified record was not tendered to the court within 90 days of the order denying the petition. Ayers alleged that Reynolds deliberately failed to timely file the order extending the time for filing the certified record and to transmit the certified record to the state appellate court and that her actions violated his right to access to the courts. Ayers also alleged that Lincoln County failed to properly train and supervise Reynolds. Ayers sought compensatory and punitive damages.
 
 
 3
 The magistrate judge recommended that the complaint be dismissed without prejudice because the filing of judicial orders and other documents is an integral part of the judicial process, and thus Reynolds was entitled to judicial immunity. The magistrate judge did not address Ayers's claim against Lincoln County or against Reynolds in her official capacity. Ayers filed timely objections and argued Reynolds should be held liable in her individual capacity, Lincoln County was not protected by judicial immunity, and Lincoln County should be held liable for inadequately training and supervising Reynolds. The district court adopted the magistrate judge's report and recommendation and dismissed the complaint without prejudice. This appeal followed.
 
 
 4
 This court reviews a dismissal of a complaint under 28 U.S.C. Sec. 1915(d) for abuse of discretion. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). Although allegations in a pro se complaint are entitled to a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), the complaint may be dismissed as frivolous under Sec. 1915(d) if it is based on "an indisputably meritless legal theory" or if the factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Robinson v. Cavanaugh, 20 F.3d 892, 893 (8th Cir. 1994) (per curiam).
 
 
 5
 We agree with the district court that Reynolds was entitled to absolute quasi-judicial immunity for her failure to timely file the state court judge's order or to transmit the certified record. Filing court orders and preparing and transmitting the certified record are functions closely associated with the judicial process. See Ark. Code Ann. Sec. 16-17-211 (Michie 1994) (municipal court clerks have responsibility for filing documents); Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (federal court clerk who allegedly impeded inmate's access to courts by intentionally delaying filing of original complaint and lying to him about its whereabouts held entitled to absolute immunity); Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970) (state court clerk who allegedly lost court file entitled to absolute immunity). Contrary to Ayers's assertions, absolute immunity shields government officials from claims for damages against them in their individual capacities on account of their official actions. See Ying Jing Gan v. City of New York, 996 F.2d 522, 529-30 (2d Cir. 1993).
 
 
 6
 The district court did not expressly address Ayers's claim against Reynolds in her official capacity and against Lincoln County. Nonetheless, we can infer that the district court must have concluded that these claims were frivolous as well. We agree because Ayers's bare allegation that Lincoln County failed to properly train and supervise Reynolds did not assert that the failure to properly train and supervise amounted to a custom or policy, that is, a deliberate or conscious choice to follow a course of action by county policymakers, of deliberate indifference to the rights of persons with whom the circuit court clerk's office comes into contact and that such a failure was closely related to the ultimate injury so as to be actionable under 42 U.S.C. Sec. 1983. See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Dwares v. City of New York, 985 F.2d 94, 100-01 (2d Cir. 1993) (complaint which simply recited there was a failure to train or supervise municipal employees was properly dismissed because it did not allege custom or policy caused injury).
 
 
 7
 Accordingly, the order of the district court is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas